Michael L. SHAKMAN and Paul M. Lurie et al., Plaintiffs,

v.

The DEMOCRATIC ORGANIZATION OF COOK COUNTY; Democratic County Central Committee of Cook County and all its members; George W. Dunne, individually and as President of the Board of County Commissioners of Cook County, as President of the Board of Commissioners of the Forest Preserve District of Cook County, and as Chairman of the Democratic County Central Committee of Cook County; City of Chicago, a municipal corporation; Jane R. Byrne, Mayor of the City of Chicago; Morgan M. Finley, individually and as Clerk of the Circuit Court of Cook County; Edward J. Rosewell, individually and as Treasurer of Cook County; Stanley J. Kusper, Jr., individually and as Clerk of Cook County; Thomas C. Hynes, individually and as Assessor of Cook County; Forest Preserve District of Cook County, a municipal corporation; Richard J. Elrod, individually and as Sheriff of Cook County; The Chicago Park District, a municipal corporation, et al., Defendants.

No. 69 C 2145.

United States District Court,
N. D. Illinois, E. D.

March 5, 1981.

C. Richard Johnson, Isham, Lincoln & Beale, Chicago, Ill., for plaintiffs.

Stanley J. Garber, Corp. Counsel, Thomas A. Foran, Foran, Wiss & Schultz, John A. Dienner, Asst. State's Atty., Peter Fitzpatrick, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This cause comes before the court on the motions of the Democratic Organization of Cook County; the Democratic Central Committee of Cook County; Richard J. Elrod, the Sheriff of Cook County; Morgan M. Finley, the Clerk of the Circuit Court of Cook County; Sidney R. Olsen, the Recorder of Deeds of Cook County; Stanley T. Kusper, Jr., the County Clerk of Cook County; Edward J. Rosewell, the Treasurer of Cook County; Thomas C. Hynes, the Assessor of Cook County; George W. Dunne, President, Cook County Board of Commissioners; the Chicago Park District; and the City of Chicago [hereinafter the Democratic defendants] to have the judgment order of this court dated September 24, 1979, 481 F.Supp. 1315, certified for appeal under Rule 54(b), Fed.R.Civ.P.,[1] and on the motion of the plaintiffs for entry of judgment granting relief as to hiring practices. For the reasons hereinafter stated, all of these motions will be denied. The September 24, 1979 judgment order, however, will be certified for appeal pursuant to 28 U.S.C. § 1292(b).

### Rule 54(b) Motions

■ Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure:

When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to

---

1. The motion of the State's Attorney of Cook County for entry of a Rule 54(b), Fed.R.Civ.P., finding was resolved when that defendant, acting through State's Attorney Richard M. Daley, on January 20, 1981 entered into a Consent Judgment on the hiring issue.

one or more but fewer than all of the claims or parties ... upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Under Rule 54(b), however, only judgment orders which are final in nature can properly be certified for appeal.[2] *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978); *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978). A non-final order, even when it pertains only to some of the parties in the litigation, is not appealable under the rule.

■ In the order entered by this court on September 24, 1979, partial summary judgment was granted to the plaintiffs on the question of whether the Democratic defendants, in their capacities as *governmental* employers, by conditioning their hiring of certain public employees upon party or political affiliation violated the candidate-plaintiffs' constitutionally protected right to an equal chance to be elected, and the voter-plaintiffs' right to have a reasonably effective voice in the electoral process. The judgment order was, by its terms, limited to the issue of the Democratic defendants' liability, with the question of relief left for later resolution. *Shakman v. Democratic Organization of Cook County*, 481 F.Supp. 1315, 1325 n.4 (N.D.Ill.1979). The September 24, 1979 order thus was quite similar to that at issue in *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1967), regarding which the United States Supreme Court noted:

> ... The order ... constitutes a grant of partial summary judgment limited to the issue of petitioner's liability. Such judgments are by their terms interlocutory, see Fed.Rule Civ.Proc. 56(c), and where assessment of damages *or awarding of other relief* remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291.

*Id.* at 744, 96 S.Ct. at 1206 (emphasis supplied).

After *Liberty Mutual*, the judgment order entered by this court on September 24, 1979 cannot reasonably be considered final for purposes of Rule 54(b). *Lewis v. Tobacco Workers' International Union*, 577 F.2d 1135, 1138–39, 1138 n.5 (4th Cir. 1978); *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978). That being true, the Democratic defendants' motions to have that order certified for appeal under Rule 54(b) must be denied.

*Motion for Entry of Judgment Granting Relief as to Hiring Practices*

■ Through their motion for entry of judgment granting relief as to hiring practices, the plaintiffs propose to have the Democratic defendants implement a number of hiring-related procedures which, if followed, would insure that the defendants' hiring practices did not operate to impermissibly impinge upon their [the plaintiffs'] Constitutionally protected rights.

Their proposed procedures, the plaintiffs quite properly contend, while comprehensive, are not so complex or extensive as to make implementation of them oppressive to the defendants. Implementation of these procedures, however, as they are rather numerous and reasonably involved, would very probably prove costly to the defendants, a point of significance when it is remembered that it is public money which will be expended in this regard. Further, because the plaintiffs' proposed procedures represent a substantial change from the hiring procedures presently being utilized by the defendants, implementation of them likely will, at least at the outset, be quite burdensome and cumbersome to the defendants' personnel.

Also, it must be remembered that the Democratic defendants herein are municipal entities who employ large numbers of people. Because they are such entities, it cannot be said with reasonable certainty that

---

2. Because orders which are interlocutory in character are not appealable under that rule, a trial court cannot through a Rule 54(b) certification make final and appealable a ruling which would not otherwise be final and appealable within the meaning of 28 U.S.C. § 1291. 6 Moore's Federal Practice ' 54.30[1], at 443 (1976).

the disruption caused by implementation of the procedures requested by the plaintiffs, and possibly from recission of those procedures if this court's judgment order of September 24, 1979 ultimately is overturned on appeal, will not be so severe that, from a public interest standpoint, it would outweigh the benefits which would accrue from immediate implementation of the plaintiffs' proposals.

When consideration is given to these facts,[3] as the legal questions associated with this aspect of the Democratic defendants' liability also are reasonably unsettled, the court believes that the interests of justice would best be served if the question of the defendants' liability is resolved more completely before any affirmative relief is imposed upon them. The plaintiffs' motion for entry of judgment granting relief as to hiring practices, therefore, will be denied.

### 28 U.S.C. § 1292(b)

■ Regarding appeals from interlocutory orders, 28 U.S.C. § 1292(b) provides in pertinent part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order ...

This court's judgment order of September 24, 1979, in that it is interlocutory in nature, is one especially well suited for certification under § 1292(b). The controlling question of law in that judgment was whether, in light of the stipulated facts submitted, the challenged practices of the Democratic defendants, as governmental

employers, in conditioning their hiring of certain public employees upon party or political affiliation operated to deny the candidate-plaintiffs their Constitutionally protected right to an equal chance to be elected, and the voter-plaintiffs their right to an equally effective voice in elections. *Shakman v. Democratic Organization of Cook County*, 481 F.Supp. 1315, 1332–41 (N.D.Ill. 1979). *See Shakman v. Democratic Organization of Cook County*, 435 F.2d 267, 270 (7th Cir. 1970). As was indicated in the September 24, 1979 Opinion, this court is of the belief that the defendants' hiring practices did operate to adversely and impermissibly affect these Constitutionally protected rights of the plaintiffs. This conclusion, however, because it relates to and is founded solely upon the defendants' patronage hiring practices, definitely is one upon which reasonable minds may differ.

In respect to hiring, it presently cannot be said that an initial conditioning of governmental employment on political affiliation or other considerations is *per se* violative of a job seeker's Constitutional rights. That question, very simply, has not as yet been resolved with finality. *See Mazus v. Department of Transportation, Commonwealth of Pennsylvania*, 629 F.2d 870, 873 (3d Cir. 1980). *See also Branti v. Finkel*, 445 U.S. 507, 520 n.14 (Opinion of the Court), 522 n.2, 100 S.Ct. 1287, 1295 n.14, 1297 n.2, 63 L.Ed.2d 574 (Powell, J., dissenting) (1980). Such being true, this court does not feel that it can be stated with absolute certainty that the Constitutional rights of candidates and the electorate to a fair and equitable electoral process are capable of being infringed by such conditioning, even when it is practiced in the manner utilized by the defendants herein. The court thus believes that appellate review of this legal question is appropriate before the defendants should be made to implement the costly and somewhat burdensome procedures which will be required if the plaintiffs are to be assured the relief they seek.

---

**3.** It should be noted that implementation of the plaintiffs' proposed hiring procedures also could result in the Democratic defendants being put at a political disadvantage with respect to the Republican defendants, whose hiring practices have not as yet been subjected to legal scrutiny.

Final resolution of this question, the court believes, also will materially advance the termination of this litigation. This is so because, as was true with other issues in this matter, if the question of the defendants' legal liability is resolved, the cause very possibly will settle. For nearly a year after summary judgment was entered against the Democratic defendants on the hiring issue, settlement negotiations were conducted between the parties. In the various status conferences held in the cause during that period, it was reported that negotiations were progressing, and that all parties were acting forthrightly and in good faith. The negotiations failed, though, and no settlement was reached at least in part because the defendants were unwilling to make what would prove to be costly, burdensome and encumbering procedural changes when they felt the plaintiffs' ultimate legal position was weak. An appellate determination of the Democratic defendants' liability on the hiring issue will remove that obstacle to settlement.

In conclusion, as this court strongly believes that its judgment order of September 24, 1979 is one which should be certified for appeal under 28 U.S.C. § 1292(b), such will be ordered.

### CONCLUSION

For the reasons stated above, the following is ordered:

(1) The motions of the Democratic defendants to have the judgment order of this court dated September 24, 1979 certified for appeal under Rule 54(b), Fed.R.Civ.P., are DENIED.

(2) The motion of the plaintiffs for entry of judgment granting relief as to hiring practices is DENIED.

(3) The judgment order of this court dated September 24, 1979, being interlocutory in nature, is certified for appeal pursuant to 28 U.S.C. § 1292(b).

IT IS SO ORDERED.