872 F.2d 1026
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jaki A. I. MAHAMMAD, Plaintiff-Appellant,
v.
Darrell RENFRO, Curtis Massengill, Herbert McCartt, James
Fowler, Defendants,
Otie Jones, Defendant-Appellee.
 No. 89-5407.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Review of the papers before the court indicates that appellant filed a civil rights action in the District Court for the Eastern District of Tennessee. In his complaint appellant identified five individuals including appellee as defendants. Appellee responded to the complaint by filing a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted that relief on March 7, 1989, after which appellant filed a motion for an extension of time to file a response to appellee's motion to dismiss. The district court denied appellant's motion for an extension of time for reason of mootness in an order entered on March 15, 1989. Claiming that that entry constituted the order by which the district court dismissed his claim against appellee, appellant filed this appeal.
 
 
 3
 This court lacks jurisdiction over the appeal. Specifically, this court's jurisdiction is generally limited to appeals from final judgments or certain specified interlocutory orders. 28 U.S.C. Secs. 1291 and 1292. The order giving rise to this appeal, which merely denied appellant's motion for an extension of time to file a response, does not fall within either of those categories. Moreover, even were appellant correct in his assertion that the order of March 15, 1989, was the order in which the district court dismissed his claims against appellee, this court would still lack jurisdiction. The dismissal of appellant's claims as to only one defendant is not immediately appealable unless certified pursuant to Fed.R.Civ.P. 54(b). Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 59 (6th Cir.1986). No certification has issued. As the district court has not entered a final decision as to appellant's claims against the remaining defendants during the pendency of this appeal, this court lacks jurisdiction. Gillis v. Department of HHS, 759 F.2d 565, 568 (6th Cir.1985).
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.