904 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JOHNS-MANVILLE CORPORATION and Manville Service Corporation,
Plaintiffs/Cross-Appellants,
v.
GUARDIAN INDUSTRIES CORPORATION, Vaughn Chenoweth, Duana
Faulkner, Kenneth Limburg, Robert Nishwitz, Steven
Sanford and James Schairer, Defendants-Appellants.
 Nos. 90-1054, 90-1076.
 United States Court of Appeals, Federal Circuit.
 April 4, 1990.
 
 ON MOTION
 Before ARCHER, Circuit Judge, and BALDWIN and BENNETT, Senior Circuit Judges.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 Guardian Industries Corp., et al. (Guardian) move for a determination of whether this court has jurisdiction. Both Guardian and Johns-Manville Corp. et al. (Manville) argue that there is jurisdiction.
 
 
 2
 On November 20, 1987, we dismissed Guardian's earlier appeal for lack of jurisdiction where the liability phase of the infringement suit on the original complaint was complete,[1] but liability remained on an amended complaint.[2] Now, the accounting is completed on the original complaint. The district court certified the judgment as "final" pursuant to Fed.R.Civ.P. 54(b).
 
 
 3
 Guardian correctly frames the jurisdictional issue here as a determination of whether Manville's claim for infringement of its patent as it relates to Guardian's old and new systems constitutes only one legal claim or two separable claims for purposes of Rule 54(b).
 
 
 4
 The Supreme Court interpreted the scope of Rule 54(b) in Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 742-43 (1976):
 
 
 5
 Rule 54(b) does not apply to a single claim action ... It is limited expressly to multiple claims actions in which "one or more but less than all" of the multiple claims have been finally decided and are found otherwise to be ready for appeal.
 
 
 6
 In Liberty Mutual, plaintiffs in a sex discrimination case sought damages, an injunction, and attorney fees. The district court resolved liability in plaintiffs' favor and certified its ruling as a final judgment under Rule 54(b). The Supreme Court determined that certification was improper because the complaint advanced a single legal theory which was applied to only one set of facts:
 
 
 7
 It is sufficient to recognize that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.
 
 
 8
 Liberty Mutual, 424 U.S. at 743 n. 4.
 
 In our November 20, 1987 order, we stated:
 
 9
 Here, the order denying Guardian's motion to reopen the 1983 liability judgment is an element of a patent infringement proceeding brought by Johns-Manville before the district court.... Accordingly, because the district court's order adjudicated fewer than all of Johns-Manville's claims relating to the liability phase of the litigation, we must hold that we lack jurisdiction pursuant to section 1292(c)(2) over this appeal.
 
 
 10
 Johns Manville v. Guardian Industries Corp., appeal no. 87-1415, slip op. at 4-5 (Fed.Cir.Nov. 20, 1987).
 
 Further, we stated:
 
 11
 ... the district court's order denying Guardian's motion to reopen does not present an issue that is wholly separable from the remainder of the case before the district court. Rather, the issue addressed by the order concerns the validity of the patent in suit, which issue underlies the remaining liability phase of the litigation before the district court.
 
 
 12
 Johns-Manville, Slip op. at 6.
 
 
 13
 Here, it is clear that Johns-Manville's complaint and amended complaint stem from alleged infringement of a single patent. Further, the issue of validity is a defense to both the complaint and amended complaint. There is much factual overlap between the two and this court would have to reacquaint itself with the basic facts of the case if separate appeals were permitted. See, e.g., Jack Walters & Son Corp. v. Morton Bldg., Inc., 737 F.2d 698 (7th Cir.1984). A review of the history of this case, this court's previous dismissal and other factors compel the conclusion that the Rule 54(b) certification was not proper in this case.
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 The appeals are dismissed.
 
 
 
 [1]
 The order appealed from was the district court's denial of Guardian's motion to reopen the liability judgment on the basis of newly-discovered evidence
 
 
 [2]
 Manville's original complaint alleged that Guardian's fiberglass-making system infringed Manville's patent. The amended complaint alleged that Guardian's modified or new system infringed its patent