919 F.2d 740
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ignacio CASTANEDA and Joseph Klaw, individually and on
behalf of all others similarly situated,
Plaintiffs-Appellees,
v.
GREYHOUND RETIREMENT AND DISABILITY PLAN and Greyhound
Lines, Inc.--Amalgamated Council Retirement and
Disability Trust, Defendants-Appellants.
 No. 89-3457.
 United States Court of Appeals, Seventh Circuit.
 Argued April 17, 1990.
Decided Dec. 6, 1990.
 
 Before FLAUM and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Greyhound Retirement and Disability Plan and its successor, Greyhound Lines, Inc.--Amalgamated Council Retirement and Disability Trust appeal the district court's judgment on behalf of a class of former employees of Greyhound's Chicago terminal (referred to collectively as the Chicago Employees). For the following reasons, we dismiss the appeal for want of jurisdiction.
 
 
 2
 The Chicago Employees challenge this court's jurisdiction to decide this appeal. They contend that the district court's judgment was not final because it decided only liability while reserving jurisdiction to grant relief. They rely in large part on Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737 (1976). In that case, the Supreme Court held that a district court order was not appealable when that order declared that an employer's practices violated federal anti-discrimination law but granted respondents none of the relief that they expressly sought in their complaint: "They requested an injunction, but did not get one; they requested damages, but were not awarded any; they requested attorneys' fees, but received none." Id. at 742.
 
 
 3
 An exhaustive study of the record leaves us uncertain as to whether the district court intended to terminate the litigation. See Soo Line R.R. v. Escanaba & L.S.R.R., 840 F.2d 546, 550 (7th Cir.1988). Accordingly, we dismiss this appeal for want of jurisdiction. First, we note that the district court entered its order on the basis of a crossmotion for summary judgment as to liability. Moreover, prior to the ruling, counsel explicitly had invited the attention of the court to the limited nature of the motion and the court explicitly had acknowledged that limitation. R. 73 at 4. In ruling on the matter, the district court explicitly acknowledged that it was ruling on the "crossmotion for summary judgement as to defendants' liability." Mem. op. at 15 (emphasis supplied). No disposition was made of the plaintiffs' requests for consequential damages. Furthermore, although the plaintiffs made no explicit request in the complaint for postjudgment interest, we cannot say on the record that the matter was waived. See Brooms v. Regal Tube Co., 881 F.2d 412, 424 n. 9 (7th Cir.1989) (prejudgment interest must be requested in pleadings or at least in post-trial motion or else waived); see also Lovejoy Elecs., Inc. v. O'Berto, 873 F.2d 1001, 1007 (7th Cir.1989) (district judge may award prejudgment interest even if party did not ask for it in claim if award does not cause "unjustifiable harm" to adversary). While the plaintiff's original request for preliminary injunctive relief appears to have been abandoned, the district court's order does not dispose of the matter definitively. Accordingly, we are constrained to dismiss this appeal for want of appellate jurisdiction.
 
 
 4
 To avoid further delay in this case, we respectfully request that the district court dispose of the remaining issues expeditiously. We emphasize that we express no opinion on the merits of the issues already resolved by the district court. Nor do we suggest that the plaintiffs' position on any of the unresolved matters is necessarily meritorious. Our only concern is that the matter be resolved completely in the district court before our review.
 
 
 5
 To expedite any further review in this court, any further appeal will be assigned to the current panel. Upon the docketing of the appeal, the parties shall inform the Clerk whether they will rely upon the briefs already filed or submit supplemental briefs. The Clerk will issue a briefing schedule.
 
 
 6
 In this appeal, both parties will bear their own costs.
 
 
 7
 APPEAL DISMISSED FOR WANT OF JURISDICTION.