945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin Herman DAVIS, Plaintiff-Appellant,
v.
Charles McCAUSLAND, Lt. Gen., et al., Defendants-Appellees.
 No. 91-3461.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1991.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Marvin Herman Davis, a pro se plaintiff, appeals the district court's order and judgment denying his motion for reconsideration and dismissing his complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Davis sued the director of the Defense Logistics Agency (DLA) and several other agency officials ("agency defendants"), and three officials of the American Federation of Government Employees, Local 1148 ("union defendants"). Davis, an employee of the Defense Construction Supply Center in Columbus, Ohio, and former union steward-in-training, alleged harassment and denial of union training opportunities by the agency defendants and denial of fair and proper representation by the union defendants in violation of § 704 of Title VII, 42 U.S.C. § 2000e-3. He further alleged that the defendants' discriminatory actions were based upon his race and in retaliation for his filing grievances against discriminatory practices.
 
 
 4
 In an opinion and order filed February 21, 1991, the district court dismissed Davis's complaint as to the agency defendants for lack of subject matter jurisdiction. However, because the union defendants had not yet answered the complaint, Davis was given 20 days in which to file a supplemental memorandum showing why he believed the court had jurisdiction over those defendants. Davis submitted a supplemental memorandum and a motion to reconsider the court's order dismissing the agency defendants.
 
 
 5
 The district court issued an opinion and order on April 12, 1991, which reaffirmed its finding, this time as to all of the defendants, that the court lacked subject matter jurisdiction over Davis's complaint. Davis's motion to reconsider was consequently denied and judgment was entered dismissing the entire action without prejudice.
 
 
 6
 On appeal, Davis continues to argue the merits of his claims. He requests the appointment of counsel in his brief. Defendant McCausland has filed a motion to dismiss on the basis of untimely appeal. The union defendants have filed a motion to dismiss for lack of subject matter jurisdiction.
 
 
 7
 Initially, McCausland's motion to dismiss is based upon a belief that the order appealed from is the February 21, 1991 order dismissing the agency defendants. However, that order was not final nor appealable because it disposed of fewer than all the claims or parties involved in the action. See Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 742-45 (1976); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 59-60 (6th Cir.1986). Judgment was not entered in favor of the agency (as well as the union) defendants until April 12, 1991. Davis filed his notice of appeal from this judgment on May 9, 1991, within sixty days of the entry of the judgment as required by Fed.R.App.P. 4(a)(1). Thus, Davis's appeal is timely as to all defendants and this court has jurisdiction to consider his appeal.
 
 
 8
 Furthermore, the court has examined the union defendants' motion to dismiss and has concluded that it is actually a motion to affirm prohibited by Rule 8(a)(3), Rules of the Sixth Circuit.
 
 
 9
 Upon review, however, we affirm the district court's judgment because the district court lacked subject matter jurisdiction over Davis's claims for the reasons stated by the district court.
 
 
 10
 Accordingly, the request for the appointment of counsel and the motions to dismiss the appeal are hereby denied. The district court's judgment in favor of the defendants is affirmed for the reasons stated in the district court's opinions issued February 21, 1991 and April 12, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation