967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,
Plaintiff-Appellee,
v.
Chester S. GARBER; Emilia Ting Garber, Defendants-Appellants.
 No. 91-15540.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1992.
Decided June 29, 1992.
 
 1
 Before REINHARDT and KOZINSKI, Circuit Judges, and EZRA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The district court's judgment of March 8, 1991, from which the Garbers appealed, was not a collateral order and it did not end the litigation on the merits. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978); Cohen v. Beneficial Ind. Loan Corp., 337 U.S. 541, 546 (1949). And while both parties argue that "at the direction of the Court under Federal Rule of Civil Procedure Rule 54(b)" the March 8 judgment was made final,[1] that judgment at best "constitutes a grant of partial summary judgment limited to the issue of [defendant's] liability. Such judgments ... where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final.' " Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 742-44 (1976).[2] Thus, because there is no final decision of the district court, we have no jurisdiction over this appeal. See 28 U.S.C. § 1291; Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-75 (1981).
 
 
 4
 APPEAL DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 *
 The Honorable David A. Ezra, United States District Judge, District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants' Opening Brief at 2; Appellee's Brief at 2
 
 
 [2]
 We are also troubled by an apparent inconsistency between the district court's March 8 judgment and its March 8 summary judgment order. In the summary judgment order, the court explains why it denies most of the Garbers' motion for summary judgment on all counts and grants National Union's motion for summary judgment on two specific issues. See March 8 Summary Judgment Order at 24-35. The order does not state that National Union is entitled to complete summary judgment on liability. Yet the March 8 judgment appears to direct the entry of judgment in favor of National Union as to liability on all counts