# LIBERTY MUTUAL INSURANCE CO. *v.* WETZEL ET AL.

No. 74–1245.   Argued January 19, 1976—Decided March 23, 1976

Rehnquist, J., delivered the opinion of the Court, in which all Members joined except Blackmun, J., who took no part in the consideration or decision of the case.

*Kalvin M. Grove* argued the cause for petitioner. With him on the briefs were *Lawrence M. Cohen, Jeffrey S. Goldman,* and *Robert A. Penney.*

*Howard A. Specter* argued the cause and filed a brief for respondents.*

---

*Briefs of *amici curiae* urging reversal were filed by *Gordon Dean Booth, Jr.,* for Alaska Airlines, Inc., et al.; by *Edward Silver, Larry M. Lavinsky, Sara S. Portnoy,* and *Kenneth L. Kimble* for the American Life Insurance Assn. et al.; by *William Martin* and *Paul C. Blume* for the American Mutual Insurance Alliance et al.; by *Thompson Powers* for the American Telephone & Telegraph Co.; by *Simon H. Rifkind, Frazer F. Hilder,* and *Edmond J. Dilworth, Jr.,* for General Motors Corp.; by *Richard D. Godown* for the National Association of Manufacturers; by *Lloyd Sutter* for Owens-Illinois,

MR. JUSTICE REHNQUIST delivered the opinion of the Court.

Respondents filed a complaint in the United States District Court for the Western District of Pennsylvania in which they asserted that petitioner's employee insurance benefits and maternity leave regulations discriminated against women in violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended by the Equal Employment Opportunity Act of 1972, 42 U. S. C. § 2000e *et seq.* (1970 ed. and Supp. IV). The District Court ruled in favor of respondents on the issue of petitioner's liability under that Act, and petitioner appealed to the Court of Appeals for the Third Circuit. That court held that it had jurisdiction of petitioner's appeal under 28 U. S. C. § 1291, and proceeded to affirm on the merits the judgment of the District Court. We

Inc., et al.; and by *John G. Wayman* and *Scott F. Zimmerman* for Westinghouse Electric Corp.

Briefs of *amici curiae* urging affirmance were filed by *Solicitor General Bork, Assistant Attorney General Pottinger, Brian K. Landsberg, Walter W. Barnett, Abner W. Sibal, Joseph T. Eddins,* and *Beatrice Rosenberg* for the United States et al.; by *Francis X. Bellotti,* Attorney General, and *Barbara J. Rouse* and *Terry Jean Seligmann,* Assistant Attorneys General, for the Commonwealth of Massachusetts et al.; by *William J. Brown,* Attorney General, and *Andrew J. Ruzicho* and *Earl M. Manz,* Assistant Attorneys General, for the State of Ohio; by *Henry Spitz* and *Paul Hartman* for the New York State Division of Human Rights; by *Ruth Bader Ginsburg, Melvin L. Wulf,* and *David Rubin* for the American Civil Liberties Union et al.; by *J. Albert Woll, Laurence Gold, Stephen I. Schlossberg,* and *John Fillion* for the American Federation of Labor and Congress of Industrial Organizations et al.; by *Diane Serafin Blank* and *Nancy E. Stanley* for Blank Goodman Kelly Rone & Stanley; by *Wendy W. Williams, Rhonda Copelon, Sylvia Roberts, Marilyn Hall Patel, Judith Lonnquist, Gladys Kessler,* and *Peter Hart Weiner* for the Center for Constitutional Rights et al.; and by *Mary K. O'Melveny, Jonathan W. Lubell, H. Howard Ostrin,* and *Charles V. Koons* for the Communication Workers of America, AFL–CIO.

granted certiorari, 421 U. S. 987 (1975), and heard argument on the merits. Though neither party has questioned the jurisdiction of the Court of Appeals to entertain the appeal, we are obligated to do so on our own motion if a question thereto exists. *Mansfield, Coldwater & Lake Michigan R. Co.* v. *Swan,* 111 U. S. 379 (1884). Because we conclude that the District Court's order was not appealable to the Court of Appeals, we vacate the judgment of the Court of Appeals with instructions to dismiss petitioner's appeal from the order of the District Court.

Respondents' complaint, after alleging jurisdiction and facts deemed pertinent to their claim, prayed for a judgment against petitioner embodying the following relief:

> "(a) requiring that defendant establish non-discriminatory hiring, payment, opportunity, and promotional plans and programs;
>
> "(b) enjoining the continuance by defendant of the illegal acts and practices alleged herein;
>
> "(c) requiring that defendant pay over to plaintiffs and to the members of the class the damages sustained by plaintiffs and the members of the class by reason of defendant's illegal acts and practices, including adjusted backpay, with interest, and an additional equal amount as liquidated damages, and exemplary damages;
>
> "(d) requiring that defendant pay to plaintiffs and to the members of the class the costs of this suit and a reasonable attorneys' fee, with interest; and
>
> "(e) such other and further relief as the Court deems appropriate." App. 19.

After extensive discovery, respondents moved for partial summary judgment only as to the issue of liability. Fed. Rule Civ. Proc. 56 (c). The District Court on January 9, 1974, finding no issues of material fact in dis-

pute, entered an order to the effect that petitioner's pregnancy-related policies violated Title VII of the Civil Rights Act of 1964. It also ruled that Liberty Mutual's hiring and promotion policies violated Title VII.[1] Petitioner thereafter filed a motion for reconsideration which was denied by the District Court. Its order of February 20, 1974, denying the motion for reconsideration, contains the following concluding language:

"In its Order the court stated it would enjoin the continuance of practices which the court found to be in violation of Title VII. The Plaintiffs were invited to submit the form of the injunction order and the Defendant has filed Notice of Appeal and asked for stay of any injunctive order. Under these circumstances the court will withhold the issuance of the injunctive order and amend the Order previously issued under the provisions of Fed. R. Civ. P. 54 (b), as follows:

"And now this 20th day of February, 1974, it is directed that final judgment be entered in favor of Plaintiffs that Defendant's policy of requiring female employees to return to work within three months of delivery of a child or be terminated is in violation of the provisions of Title VII of the Civil Rights Act of 1964; that Defendant's policy of denying disability income protection plan benefits to female employees for disabilities related to pregnancies or childbirth are [sic] in violation of Title VII of the Civil Rights Act of 1964 and that it is expressly directed that Judgment be entered for the

---

[1] The portion of the District Court's order concerning petitioner's hiring and promotion policies was separately appealed to a different panel of the Court of Appeals. The judgment rendered by the Third Circuit upon that appeal is not before us in this case. See *Wetzel* v. *Liberty Mutual Ins. Co.*, 508 F. 2d 239, cert. denied, 421 U. S. 1011 (1975).

Plaintiffs upon these claims of Plaintiffs' Complaint; there being no just reason for delay." 372 F. Supp. 1146, 1164.

It is obvious from the District Court's order that respondents, although having received a favorable ruling on the issue of petitioner's liability to them, received none of the relief which they expressly prayed for in the portion of their complaint set forth above. They requested an injunction, but did not get one; they requested damages, but were not awarded any; they requested attorneys' fees, but received none.

Counsel for respondents when questioned during oral argument in this Court suggested that at least the District Court's order of February 20 amounted to a declaratory judgment on the issue of liability pursuant to the provisions of 28 U. S. C. § 2201. Had respondents sought *only* a declaratory judgment, and no other form of relief, we would of course have a different case. But even if we accept respondents' contention that the District Court's order was a declaratory judgment on the issue of liability, it nonetheless left unresolved respondents' requests for an injunction, for compensatory and exemplary damages, and for attorneys' fees. It finally disposed of none of respondents' prayers for relief.

The District Court and the Court of Appeals apparently took the view that because the District Court made the recital required by Fed. Rule Civ. Proc. 54 (b) that final judgment be entered on the issue of liability, and that there was no just reason for delay, the orders thereby became appealable as a final decision pursuant to 28 U. S. C. § 1291. We cannot agree with this application of the Rule and statute in question.

Rule 54 (b) [2] "does not apply to a single claim

[2] "Judgment upon multiple claims or involving multiple parties. "When more than one claim for relief is presented in an action,

action . . . . It is limited expressly to multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal." *Sears, Roebuck & Co.* v. *Mackey,* 351 U. S. 427, 435 (1956).[3] Here, however, respondents set forth but a single claim: that petitioner's employee insurance benefits and maternity leave regulations discriminated against its women employees in violation of Title VII of the Civil Rights Act of 1964. They prayed for several different types of relief in the event that they sustained the allegations of their complaint, see Fed. Rule Civ. Proc. 8 (a)(3), but their complaint advanced a single legal theory which was applied to only one set of facts.[4] Thus, despite the fact that the District Court undoubtedly made the findings required

whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[3] Following *Mackey,* the Rule was amended to insure that orders finally disposing of some but not all of the parties could be appealed pursuant to its provisions. That provision is not implicated in this case, however, to which *Mackey*'s exposition of the Rule remains fully accurate.

[4] We need not here attempt any definitive resolution of the meaning of what constitutes a claim for relief within the meaning of the Rules. See 6 J. Moore, Federal Practice ¶¶ 54.24, 54.33 (2d ed. 1975). It is sufficient to recognize that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.

under the Rule, had it been applicable, those findings do not in a case such as this make the order appealable pursuant to 28 U. S. C. § 1291. See *Mackey, supra,* at 437–438.

We turn to consider whether the District Court's order might have been appealed by petitioner to the Court of Appeals under any other theory. The order, viewed apart from its discussion of Rule 54 (b), constitutes a grant of partial summary judgment limited to the issue of petitioner's liability. Such judgments are by their terms interlocutory, see Fed. Rule Civ. Proc. 56 (c), and where assessment of damages or awarding of other relief remains to be resolved have never been considered to be "final" within the meaning of 28 U. S. C. § 1291. See, *e. g., Borges* v. *Art Steel Co.,* 243 F. 2d 350 (CA2 1957); *Leonidakis* v. *International Telecoin Corp.,* 208 F. 2d 934 (CA2 1953); *Tye* v. *Hertz Drivurself Stations,* 173 F. 2d 317 (CA3 1949); *Russell* v. *Barnes Foundation,* 136 F. 2d 654 (CA3 1943). Thus the only possible authorization for an appeal from the District Court's order would be pursuant to the provisions of 28 U. S. C. § 1292.

If the District Court had granted injunctive relief but had not ruled on respondents' other requests for relief, this interlocutory order would have been appealable under § 1292 (a)(1).[5] But, as noted above, the court did not issue an injunction. It might be argued that the order of the District Court, insofar as it failed to include the injunctive relief requested by respondents, is an in-

---

[5] "The courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

terlocutory order refusing an injunction within the meaning of § 1292 (a)(1). But even if this would have allowed *respondents* to then obtain review in the Court of Appeals, there was no denial of any injunction sought by *petitioner* and it could not avail itself of that grant of jurisdiction.

Nor was this order appealable pursuant to 28 U. S. C. § 1292 (b).[6] Although the District Court's findings made with a view to satisfying Rule 54 (b) might be viewed as substantial compliance with the certification requirement of that section, there is no showing in this record that petitioner made application to the Court of Appeals within the 10 days therein specified. And that court's holding that its jurisdiction was pursuant to § 1291 makes it clear that it thought itself obliged to consider on the merits petitioner's appeal. There can be no assurance that had the other requirements of § 1292 (b) been complied with, the Court of Appeals would have exercised its discretion to entertain the interlocutory appeal.

Were we to sustain the procedure followed here, we would condone a practice whereby a district court in virtually any case before it might render an interlocutory decision on the question of liability of the defend-

---

[6] "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

ant, and the defendant would thereupon be permitted to appeal to the court of appeals without satisfying any of the requirements that Congress carefully set forth. We believe that Congress, in enacting present §§ 1291 and 1292 of Title 28, has been well aware of the dangers of an overly rigid insistence upon a "final decision" for appeal in every case, and has in those sections made ample provision for appeal of orders which are not "final" so as to alleviate any possible hardship. We would twist the fabric of the statute more than it will bear if we were to agree that the District Court's order of February 20, 1974, was appealable to the Court of Appeals.

The judgment of the Court of Appeals is therefore vacated, and the case is remanded with instructions to dismiss the petitioner's appeal.

*It is so ordered.*

MR. JUSTICE BLACKMUN took no part in the consideration or decision of this case.