600 F.2d 11
 UNITED STATES of America, for the Use and Benefit of JOSEPH
MARION BUILDING CORPORATION, Appellee,
v.
DEMBER CONSTRUCTION CORPORATION and Fidelity and Deposit
Company of Maryland, Appellants.
 No. 78-1579.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 8, 1979.
Decided June 20, 1979.
 
 Francis P. Donelan, New York City (Alan B. Croft, Hynes, Diamond & Reidy, New York City, Hazel, Beckhorn & Hanes, Fairfax, Va., on brief), for appellants.
 Jerome R. Halperin, New York City (W. Peyton George, Alexandria, Va., on brief), for appellee.
 Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.
 PER CURIAM:
 
 
 1
 The district court, following a trial to the court, filed its memorandum opinion finding in favor of the use plaintiff, but did not fix damages, and referred that matter to a Special Master.
 
 
 2
 The defendant then filed its notice of appeal, the Special Master having neither considered the matter nor reported, and no order fixing damages having been entered.
 
 
 3
 The district court's memorandum opinion on liability did not, pursuant to 28 U.S.C. § 1292(b), state that its opinion involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal might materially advance the ultimate termination of the litigation. Additionally, no application was made to this court to permit a § 1292(b) appeal, as required by that section. We note that because this is a single claim action, F.R.C.P. 54(b) is inapplicable. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 742-44, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).
 
 
 4
 We are of opinion that the memorandum opinion appealed from was not a final order within the meaning of 28 U.S.C. § 1291, for less than all the issues were decided, damages having not been ascertained. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).
 
 
 5
 Because there was no final order, and the requirements of § 1292(b) were not complied with, Liberty Mutual, 424 U.S. at 745, 96 S.Ct. 1202; Atkins v. Scott, 597 F.2d 872 (4th Cir.1979), we are of opinion that the case must be dismissed for want of appellate jurisdiction. F.R.C.P. 12(h).
 
 
 6
 On dismissal of the appeal the district court will ascertain damages, either with or without the intervention of a Special Master, after which an appeal may be taken, if otherwise allowable, going both to the issues of liability and damages, our dismissal being without prejudice as to the merits of the controversy.
 
 
 7
 APPEAL DISMISSED.