802 F.2d 456
 45 Empl. Prac. Dec. P 37,615
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JUNE M. BETTS, Plaintiff-Appellee
v.
HAMILTON COUNTY BOARD OF MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES; OHIO PUBLIC EMPLOYERS
RETIREMENT SYSTEM BOARD, Defendant-Appellant.
 No. 86-3390.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1986.
 
 1
 BEFORE: KEITH, MERRITT and MARTIN, Circuit Judges
 
 ORDER
 
 2
 This matter is before the Court for consideration of appellee's motion to dismiss the appeal for the reasons that it has been taken from a non-final judgment. Appellants have filed a response in opposition.
 
 
 3
 Appellee filed a complaint in the district court based upon her contention that certain aspects of appellants' disability retirement policies were violative of 29 U.S.C. Sec. 621 et seq., the Age Discrimination in Employment Act. As relief she prayed for an injunction against the continuation of those practices, various types of money damages, and a declaratory judgment holding O.R.C. Chapter 145, the Ohio Public Employees Retirement Systems Act, to be contrary to the federal Age Discrimination in Employment Act. By means of an order entered March 27, 1986, the district court granted partial summary judgment in favor of appellee on the question of liability. In that same order the district court also granted the requested declaratory judgment, but left unresolved appellee's prayer for injunctive relief and money damages. Appellants then filed a notice of appeal from the order granting partial summary judgment on April 25, 1986, and appellee has now submitted a motion to dismiss the appeal on the grounds that it was taken from a non-final judgment.
 
 
 4
 28 U.S.C. Sec. 1291 specifies that this Court's jurisdiction is generally limited to appeals from final decisions of the district court. In this case the district court's order of March 27, 1986, does not constitute a final judgment as required by that statute due to the continued pendency of appellee's requests for injunctive relief and money damages. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737 (1976). Furthermore, contrary to appellants' contention, jurisdiction is not conferred upon the Court pursuant to 28 U.S.C. Sec. 1292(a)(1) as the district court's granting of a declaratory judgment can not be construed as an injunction, but merely stands as a determination by that court that certain provisions of O.R.C. Chapter 145, the Ohio Public Employees Retirement System Act, are in conflict with the federal Age discrimination in employment Act, 29 U.S.C. Sec. 621 et seq. Even were the declaratory judgment to be construed as an injunction, appellants have failed to demonstrate that an immediate appeal pursuant to 28 U.S.C. Sec. 1292(a)(1) both stands as the only method of securing effective review of that order and is necessary to prevent the occurrence of serious, irreparable harm. Gillis v. United States Department of Health and Human Services, 759 F.2d 565 (6th Cir. 1985).
 
 
 5
 It is ORDERED that the motion to dismiss the appeal be and hereby is granted.