872 F.2d 1031
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry T. WIMBLEY, Plaintiff-Appellant,
v.
Steve NORRIS, Commissioner; Gary Livesay, Warden,
Southeastern Tennessee State Regional Correctional Facility;
Virginia Lewis, Health Administrator; Tennessee Department
of Corrections; Defendants-Appellees,
Patricia Dinicola, LPN; Dottie Wyatt, LPN; Kathy Lawrence,
RN; Willie Grace Angel, RN; Nurse Mayers, RN; Defendants.
 No. 89-5300.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1989.
 
 1
 Before KEITH and KENNEDY, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge*.
 
 ORDER
 
 2
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 Review of the papers before the court discloses that on December 22, 1988, appellant filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of Tennessee. As the basis of his cause of action, he alleged that the seven defendants, all of whom were supervisory officials or employees of the Tennessee Department of Corrections, had denied him adequate medical care in violation of the eighth amendment. On February 2, 1989, however, the district court entered an order dismissing the complaint as to three of the defendants, after which appellant filed a motion for leave to take an interlocutory appeal in the district court. On the same day, without any ruling by the district court on that motion, appellant filed this appeal.
 
 
 4
 This court lacks jurisdiction in this appeal. Absent a Fed.R.Civ.P. 54(b) certification, an order disposing of fewer than all the claims against all the parties is not appealable. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 59 (6th Cir.1986). The district court's order of February 2, 1989, does not contain the required certification. Furthermore, as the district court has not entered a final decision as to appellant's claims against the remaining defendants during the pendency of this appeal, this court lacks jurisdiction. Gillis v. Department of HHS, 759 F.2d 565, 568 (6th Cir.1985).
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation