914 F.2d 255
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, a Michigan
constitutional corporation, Plaintiff-Appellee,
Cross-Appellant,
v.
CONTINENTAL CASUALTY COMPANY, an Illinois corporation,
Defendant-Appellant, Cross-Appellee.
 Nos. 90-1707, 90-1724.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 This matter is before the court for consideration of the parties' responses to this court's order of July 17, 1990 directing the parties to show cause why defendant's appeal and plaintiff's cross-appeal should not be dismissed for lack of jurisdiction.
 
 
 3
 Plaintiff brought an action against the defendant-insurer for coverage of defense and settlement costs arising from a law suit against the plaintiff. On February 15, 1990, the district court granted summary judgment for defendant on counts two and three of plaintiff's complaint. Cross-motions on the issue of defense and settlement costs were granted in part and denied in part. The court ordered the parties to allocate defense costs consistent with its decision but did not allocate the costs nor enter a money judgment. The district court later granted a motion for clarification brought by the plaintiff and ruled that the court's order of February 15, 1990, was meant as a final judgment as provided for in Rule 54(b), Fed.R.Civ.P. However, the court also acknowledged that the actual allocation of specific dollar amounts remained to be determined. The parties now concede that the appeal and cross-appeal are premature but advise that the appeals were filed out of an abundance of caution.
 
 
 4
 Where assessment of damages remains to be resolved the judgment is not final as required under 28 U.S.C. Sec. 1291. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744 (1976). Finality is a jurisdictional prerequisite for the court and must be raised sua sponte. Id. at 740. The district court's order of February 15, 1990 contains neither explicit certification for entry of judgment under Rule 54(b) nor reasons to support such certification as required by Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60 (6th Cir.1986). Upon review and consideration we determine that the district court's order is not appealable.
 
 
 5
 Therefore, it is ORDERED that defendant's appeal and plaintiff's cross-appeal are dismissed sua sponte without prejudice to their right to perfect a timely appeal when final judgment is rendered by the district court. Rule 9(b)(1), Local Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief District Judge for the Eastern District of Kentucky, sitting by designation