986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert R. KINNE, Walter E. Kinne, Plaintiffs-Appellants,
v.
Pamela L. Brandell BARNES, Viola Coffey, Thomas Coffey,
Ingham County Prosecutor's Office, Michigan
Department of Social Services, Donald D.
Williams, Defendants-Appellees.
 No. 92-3111.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs Robert and Walter Kinne appeal the dismissal of their civil rights complaint alleging violations of the Civil Rights Act, 42 U.S.C. § 1983, and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A. The court dismissed the case on the bases of lack of personal jurisdiction and improper venue.
 
 
 2
 On appeal, plaintiffs argue that the defendants waived the personal jurisdiction challenge when they failed to raise it in their motions to dismiss, and that the court improperly raised the issue sua sponte. Because we find that the district court's order was not final an appealable final judgment, we shall dismiss this action for lack of appellate jurisdiction.
 
 I.
 
 3
 Robert Kinne and his son Walter are the plaintiffs in this section 1983 and PKPA action. According to their complaint, a Kansas state court awarded Robert and his ex-wife, defendant Pamela Barnes, joint custody of their son, Christopher, in February 1985. In March 1985, Barnes, with the help of her parents, defendants Viola and Thomas Coffey, removed Christopher from the state of Kansas without notice and allegedly hid him from Robert somewhere in Michigan. In April 1990, defendant Donald D. Williams, the prosecutor for Ingham County, Michigan, filed a support petition in the state court on behalf of defendant Michigan Department of Social Services to enforce Robert's child support obligations.
 
 
 4
 On June 24, 1991, Robert and Walter, residents of Ohio, filed a complaint in the present action in the Northern District of Ohio against Pamela Barnes, Viola Coffey, Thomas Coffey, the Ingham County Prosecutor's Office, Prosecutor Williams, and the Michigan Department of Social Services (the department). The theories of liability asserted in the complaint include: 1) conspiracy to deprive plaintiffs of their family relationship with Christopher; 2) interference with Robert's parental relationship with Christopher in violation of 42 U.S.C. § 1983; 3) refusal to enforce the Kansas court order awarding joint custody in violation of the PKPA; and 4) intentional infliction of emotional distress.
 
 
 5
 On July 15, 1991, the department's attorney filed an appearance. All defendants, except Viola and Thomas Coffey, filed motions to dismiss, raising challenges based on improper venue, lack of subject matter jurisdiction, Eleventh Amendment immunity, prosecutorial immunity, and failure to state a claim. None of these motions raised the issue of lack of personal jurisdiction. On July 24, 1991, Viola Coffey filed for an extension of time to file her answer, and on August 12, 1991, Thomas Coffey filed his answer and affirmative defenses. According to the record before this court, Viola Coffey never filed a pretrial motion or an answer.
 
 
 6
 On November 7, 1991, prior to ruling on the defendants' motions to dismiss, the district court requested the parties to brief the issue whether the court had personal jurisdiction over the defendants. All defendants, except the Coffeys, responded with briefs. The district court found that Ohio lacked jurisdiction over the defendants because they were not amenable to service of process from the court. The court also concluded that venue was improper under 28 U.S.C. § 1391(b). As a result, the district court dismissed the case without prejudice, and plaintiffs filed this timely appeal. Neither the Coffeys nor Pamela Barnes filed briefs in the present appeal.
 
 II.
 
 7
 None of the parties have addressed the issue whether this court has appellate jurisdiction over the district court's dismissal order. Nevertheless, we have a duty to consider, sua sponte, whether appellate jurisdiction is properly invoked. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976); In re Wolverine Radio Co., 930 F.2d 1132, 1137-38 (6th Cir.1991), cert. denied, 112 S.Ct. 1605 (1992). Jurisdiction cannot be conferred upon the federal courts by consent, Wolverine Radio Co., 930 F.2d at 1137-38, and the actual effect of an order, rather than the district court's characterization of it, shall be considered when determining appellate jurisdiction. See United States v. Bayshore Assocs., Inc., 934 F.2d 1391, 1401 (6th Cir.1991). It is well recognized that, in the absence of a final order, this court generally lacks jurisdiction to consider an appeal. In re King World Prods., Inc., 898 F.2d 56, 58 (6th Cir.1990). Generally, an order disposing of fewer than all claims or all parties involved in the action is not final or appealable absent Fed.R.Civ.P. 54(b) certification. Liberty Mut., 424 U.S. at 742-45; Gillis v. United States Dep't of Health & Human Services, 759 F.2d 565, 568 (6th Cir.1985).
 
 
 8
 It appears from the record that the district court's order did not dismiss the claims against defendants Viola and Thomas Coffey. The court's memorandum and order indicate that the court granted the motions to dismiss filed by the department, the prosecutor's office, Williams, and Barnes. Viola Coffey and Thomas Coffey did not file a motion to dismiss and no mention is made of them in the dismissal order. Moreover, the court based its order of dismissal on lack of personal jurisdiction, but the court could not have dismissed the case against Thomas Coffey on this basis because, at the time the court raised the issue sua sponte, Mr. Coffey already had submitted to the jurisdiction of the court when he filed his answer. See Fed.R.Civ.P. 12(h)(1). We invite the district court, on remand, to make a determination as to the status of Viola Coffey, who filed neither an answer nor a pretrial motion in this matter.
 
 
 9
 Because the district court's dismissal order does not dispose of claims against all of the defendants, the order is not final and appealable. We therefore DISMISS plaintiffs' appeal for lack of jurisdiction.