988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Sol JAFFE, Debtor.
Sol JAFFE, Appellant,
v.
John P. BENSON, Appellee.
 No. 92-55868.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, BAP No. CC-92-1191-OJP; Lawrence Ollason, Robert C. Jones, and Elizabeth L. Perris, Bankruptcy Judges, Presiding.
 Bkrtcy.App. 9
 DISMISSED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sol Jaffe appeals pro se the Bankruptcy Appellate Panel's ("BAP") order denying his motion for leave to appeal an order of the bankruptcy court. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 "Jurisdiction of an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." Allen v. Old Nat'l Bank (In re Allen), 896 F.2d 416, 418 (9th Cir.1990). Under 28 U.S.C. § 158(d) the court of appeals has jurisdiction to hear appeals from "all final decisions, judgments, orders, and decrees" entered by the district courts of the United States and the Ninth Circuit Bankruptcy Appellate Panel. Interlocutory orders of the bankruptcy court may be reviewed only at the discretion of the district court or BAP. See 28 U.S.C. § 158(a) & (b).
 
 
 4
 Here, the bankruptcy court granted summary judgment in favor of Jaffe's creditor on the issue of liability, but reserved jurisdiction over the action to make a later finding regarding the amount of damages. When an action determines the liability of a party but leaves the amount of damages to be determined at a future date, the order is considered interlocutory rather than final. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976); Elliot v. Four Seasons Properties, (In re Frontier Properties, Inc.), 979 F.2d 1358, 1362 (9th Cir.1992) (where liability has been established but the extent of damage remains undetermined, there is no final order).
 
 
 5
 Accordingly, because the BAP denied discretionary review of an interlocutory Bankruptcy Court order, this court lacks jurisdiction to consider the matter. See 28 U.S.C. § 158(d); In re Allen, 896 F.2d at 418.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3