**150**

CAMELLIA PARK HOMEOWNERS
ASSOCIATION, Plaintiff,

v.

GREENBRIAR HOMES COMPANY,
et al., Defendants.

Civ. No. C 93–20751 EAI.

United States District Court,
N.D. California.

April 7, 1995.

Jeffrey S. Lawson, Laurie Berger, Reed, Elliott, Creech & Roth, San Jose, CA, for plaintiff.

Francis J. Hughes, William K. Hurley, Miller, Morton, Caillat & Nevis, San Jose, CA, Robert D. Infelise, Preston W. Brooks, Cox, Castle & Nicholson, Los Angeles, CA, for defendants.

ORDER DENYING AS PREMATURE DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS FOR PREVAILING ON RCRA CLAIMS

INFANTE, United States Magistrate Judge.

### I. *Introduction and Background*

Defendants were previously granted summary adjudication of plaintiff's environmental claims brought under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972.[1] The parties' respective cross-motions for summary adjudication of plaintiff's claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607, were denied, and such claims (as well as several state law claims) remain pending.[2]

Presently, defendants Greenbriar Homes Company, Gilbert M. Meyer and Morton Newman have moved, as prevailing parties under RCRA, for an award of attorney's fees, expert witness fees and costs in the amount of $240,875,26.[3] The motion was originally noticed for hearing on December 19, 1994, but then continued by stipulation of the parties to April 10, 1995 so that they could meet and confer in an effort to compromise the motion. The Court has not been specifically advised of the outcome of that process but it was quite evidently unsuccessful. For the

---

1. Order, filed October 28, 1994, at pp. 11–20 and 30. The October 28th order contains a detailed discussion of the allegations and undisputed facts in the above-captioned action.

2. *Id.*, at pp. 20–30.

3. The moving defendants have lodged two proposed orders with the Court, one which would award attorneys' fees, expert witness fees and costs, the other which would award only attorney's fees in the event the Clerk awards litigation costs and expert witness fees under defendants' separate bill for taxation of costs filed November 7, 1994 pursuant to 28 U.S.C. § 1920. *See* Defendants' Motion for Attorneys' Fees, at p. 6 n. 1. The requested attorneys' fees amount to roughly five-sixths of the total litigation costs for which reimbursement is sought, or $204,416.25.

reasons which follow, the motion is DENIED as premature.

## II. *Discussion*

"The court, in issuing any *final* order in any action brought pursuant to this section ... may award costs of litigation (including reasonable attorney and expert witness fess) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate." 42 U.S.C. § 6972(e) (emphasis added). Thus, as plaintiff's counsel points out, "[u]nder § 6972(e) an award of attorney's fees and costs is proper only after a *final* order has been issued".[4] However, the Court's prior order summarily adjudicating the RCRA claims, but withholding judgment on the CERCLA (and state law) claims, is *not* a "final" order.

Partial summary judgments "are by their terms interlocutory". *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976).

"Subdivision (d) of Rule 56 indicates clearly ... that a partial summary 'judgment' is not a final judgment ... [t]he partial summary judgment is merely a pretrial adjudication that certain issues shall be ·deemed established for the trial of the case. The adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact."

Notes of Advisory Committee on Rules, 1946 Amendment to Fed.R.Civ.P. 56(d).

" 'In the absence of [district court direction for entry of final judgment], any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.' ".

*Wetzel, supra,* 424 U.S. at 742–44 & n. 2, 96 S.Ct. at 1206 & n. 2, quoting Fed.R.Civ.P. 54(b).[5] Because the Court's prior order was not a "final" order, defendants' request for attorneys' fees and costs pursuant to § 6972(e) is premature.[6]

## III. *Order*

Accordingly, IT IS HEREBY ORDERED that defendants' motion for attorney's fees pursuant to RCRA, 42 U.S.C. § 6972(e), is DENIED WITHOUT PREJUDICE to being renewed upon entry of final judgment in the above-captioned action.

SO ORDERED.

---

**4.** Opposition Brief, at p. 3 (emphasis in original); *see also id.,* at p. 4 (citing unpublished decision in *Fishel v. Westinghouse Corp.,* 1986 WL 25479, 17 Envt'l L.Rep. 20465 (M.D.Pa., December 12, 1986)) ("The court holds that attorney's fees are not yet appropriate [under § 6972(e)] ... because there is no final order in the action, pending the resolution of common law claims").

**5.** Note that the Clerk of this Court rejected defendants' bill for taxation of costs expressly because "[j]udgment has not been entered". *See* Declaration of Laurie Berger, ¶ 3 and Exhibit B (copy of letter from Deputy Clerk Donald Ballah to Preston Brooks, dated November 9, 1994).

**6.** The Court offers no opinion whether defendants are "prevailing or substantially prevailing part[ies]" within the meaning of § 6972(e) and, if so, whether they should appropriately, as a matter of public policy (and upon entry of final judgment), be entitled to recover fees and costs. "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to protect in the fee statute." *Texas State Teachers Ass'n v. Garland Ind. School Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 1494, 103 L.Ed.2d 866 (1989). Such inquiry awaits another day.