Donald W. **STEARNS**, on behalf of himself and all others similarly situated, Plaintiffs,

v.

**NCR CORPORATION and NCR Pre–65 Retiree Health Care Plan, Defendants.**

No. Civ. 98–2384 JRT/FLN.

United States District Court, D. Minnesota.

Aug. 18, 2000.

Wood R. Foster, Jr., Jordan M. Lewis, Siegel, Brill, Greupner, Duffy & Foster, Minneapolis, MN, for plaintiffs.

David J. Duddleston, Jackson, Lewis, Schnitzler & Krupman, Mpls, MN, Lee A Freeman, Jr., Freeman, Freeman & Salzman, Chicago, IL, for defendants.

## ORDER ON DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT AND FOR A STAY PENDING APPEAL

TUNHEIM, District Judge.

This is a class-action lawsuit brought by former employees of defendant NCR Corporation under the Employee Retirement Income Security Act of 1974 (codified as amended at 29 U.S.C. §§ 1001–1461 (1994 & Supp. III 1997) and in scattered sections of Title 26 U.S.C.) ("ERISA"). Plaintiffs charged defendants on three separate counts, including failure to enforce the ERISA plan, breach of an independent bilateral contract, and breach of fiduciary duty. On May 17, 2000, the Court issued an Order on the parties' cross-motions for summary judgment. The Order granted defendants' motion in part, dismissing plaintiffs' ERISA plan enforcement and breach of fiduciary duty claims. The Order further granted plaintiffs' motion in part, declaring defendants to be liable on plaintiffs' breach of contract claim.

This matter is now before the Court on defendants' motion for entry of final judgment and for a stay pending appeal. Defendants request entry of final judgment on plaintiffs' breach of contract claim pursuant to Rule 58 of the Federal Rules of Civil Procedure, effectively seeking a determination by the Court that there are no further issues to be resolved in this case. The Court denies this request as premature. The Court's Order did not address any of plaintiffs' remedial requests, but instead found in their favor on the issue of liability only. It is axiomatic that final judgment should not be entered until the case is closed and all claims for relief adjudicated. The Court must retain jurisdiction over this matter in order to determine what relief, if any, follows from its liability determination on plaintiffs' breach of contract claim.

In their complaint, plaintiffs plead claims for declaratory and injunctive relief as well as claims for monetary restitution consisting of out-of-pocket costs incurred as a result of defendants' denial of health care benefits. Defendants nevertheless contend that entry of final judgment is appropriate because by declaring them liable on plaintiffs' breach of contract claim, the Court already awarded plaintiffs all of the relief to which they are entitled. Defendants note that the Court certified plaintiffs' class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, which is generally applicable only in cases in which class-wide declaratory or injunctive relief is appropriate. Defendants contend that due to the Court's decision to certify under Rule 23(b)(2), plaintiffs' monetary claims are no longer properly before it.

The Court rejects this argument for several reasons. First, the manner in which plaintiffs' claims for restitution should be handled

is itself an undecided issue that the Court must resolve before entering final judgment. Defendants put the cart before the horse in assuming, without any judicial determination on the issue, that plaintiffs' monetary claims evaporated along with the Court's class certification determination. Moreover, even assuming that defendants' position with respect to plaintiffs' restitution claims is correct, the Court has not yet acted upon plaintiffs' request for injunctive relief. Thus, it is clear that the Court's liability determination was not a final determination of all of the remaining issues in this case, and therefore, entry of final judgment would be inappropriate. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) (holding that orders granting partial summary judgment on issues of liability only are interlocutory, and that "where assessment of damages or awarding of other relief remains to be resolved [such orders] have never been considered to be final").

■ Defendants alternatively request that the Court enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) permits the entry of final judgment in connection with one claim or one party when there are multiple claims or parties in a case upon a judicial determination that there is no just reason for delay. In making this argument, defendants suggest the Court should treat the liability and remedial issues attendant to plaintiffs' breach of contract claim as if they were two distinct claims, entering final judgment on the liability issue while retaining jurisdiction over plaintiffs' claims for relief. This argument is entirely foreclosed by the Supreme Court's decision in *Liberty*. There, the Court overturned the lower court's decision to treat liability and damages as distinct claims for purposes of final judgment, reasoning that "Rule 54(b) does not apply to a single claim action ... It is limited expressly to multiple claims actions in which one or more but less than all of the multiple claims have been finally decided and are found otherwise to be ready for appeal." *Id.* at 742–43, 96 S.Ct. 1202 (internal quotation omitted) (alteration in the original). Defendants' request for entry of final judgment pursuant to Rule 54(b) is denied accordingly.

In addition to their alternative motions for entry of final judgment, defendants also move to stay this action pending appeal. Thus, it is apparent that they seek entry of final judgment so that they may immediately appeal the Court's liability determination on plaintiffs' breach of contract claim. The Court's decision to deny defendants' motions for entry of final judgment does not necessarily foreclose such an appeal. Rather, an alternative avenue for immediate appellate review exists. Under 28 U.S.C. § 1292(b), immediate appeal of an interlocutory order is permissible when the district court certifies that the order involves a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation." When a district court does so, the court of appeals obtains jurisdiction over the matter and has the discretion to permit an appeal if application for appeal is made within ten days of the district court's order.

Defendants have not requested that the Court amend its summary judgment Order to certify the issues raised therein for interlocutory appeal. Nevertheless, the Court would be willing to entertain such a request if defendants filed one in a timely fashion. The Court accordingly grants defendants permission to seek an amendment to the May 17, 2000 summary judgment Order which would certify it for interlocutory appeal under 28 U.S.C. § 1292(b), and to move for a stay pending such an appeal. In granting such permission, the Court makes no determination whatsoever as to whether interlocutory appeal or a stay pending appeal would be appropriate under these circumstances, but merely permits the parties to brief these issues for the Court's consideration.

### ORDER

Based on the foregoing, and all of the records, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for entry of final judgment and for a stay pending appeal [Docket No. 73] is **DENIED.**

2. Defendants shall have fourteen (14) days from the date of this Order in which to seek an amendment to the Court's May 17, 2000 Order as set forth herein. Plaintiffs shall have fourteen (14) days from the date on which defendants' request is filed in which to file a responsive memorandum. The parties' submissions shall not exceed ten (10) pages in length.