**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

<table>
<tr>
<td>
INTER-STATE HARDWOODS COMPANY, INCORPORATED, a West Virginia Corporation,

<em>Plaintiff-Appellee,</em>

v.

THE HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY, an Insurance Company Authorized to do Business in the State of West Virginia,

<em>Defendant-Appellant.</em>
</td>
<td>No. 02-1591</td>
</tr>
</table>

<table>
<tr>
<td>
INTER-STATE HARDWOODS COMPANY, INCORPORATED, a West Virginia Corporation,

<em>Plaintiff-Appellant,</em>

v.

THE HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY, an Insurance Company Authorized to do Business in the State of West Virginia,

<em>Defendant-Appellee.</em>
</td>
<td>No. 02-1628</td>
</tr>
</table>

Appeals from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert E. Maxwell, Senior District Judge.
(CA-98-14-2)

Submitted: June 11, 2003

Decided: August 1, 2003

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Ernest J. Mattei, Sean M. Fisher, DAY, BERRY, & HOWARD, L.L.P., Hartford, Connecticut; James F. Companion, SCHRADER, BYRD & COMPANION, P.L.L.C., Wheeling, West Virginia, for Appellant. Harry A. Smith, III, JORY & SMITH, L.C., Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In these consolidated appeals, the parties present several assignments of error with respect to the district court's order establishing in general terms the extent of Hartford Steam Boiler Inspection and Insurance Company, Inc.'s liability to Inter-State Hardwoods Company, Inc. ("Inter-State") for losses it suffered following a 1996 flood of the Greenbrier River in West Virginia. However, this court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). To the extent the order appealed fails to set damages, it is neither a final order nor an appealable interlocutory or

collateral order. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n.4, 744 (1976).*

Further, we observe that the parties' stipulation did not purport to resolve "the existence, nature, extent or cause of [Inter-State's] alleged loss," or waive any defenses (J.A. 68), and that Hartford Steam limited its motion to the narrow issue of "whether or not the Policy provides coverage for Inter-State's claim . . . assuming that such damage was caused as alleged by Inter-State" (J.A. 93). In light of the conditional nature of the parties' joint stipulation and Hartford Steam's pleadings, it appears the district court's order did not conclusively determine all of the parties' rights, *see, e.g.*, *Fox v. Baltimore City Police Dept.*, 201 F.3d 526, 530-31 (4th Cir. 2000), and that resolution of these issues would be appropriate. *Cf.* Fed. R. Civ. P. 56(d) (describing proceedings appropriate when a motion for summary judgment does not fully adjudicate the case); *Virginia Hosp. Assoc. v. Baliles*, 830 F.2d 1308, 1310 n.1 (4th Cir. 1987) (noting it was appropriate for district court to consider on remand issues raised, but not initially resolved, in a motion for summary judgment).

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

---

*"The order . . . constitutes a grant of partial summary judgment limited to the issue of petitioner's liability. Such judgments are by their terms interlocutory, *see* [Fed. R. Civ. P.] 56(c), and where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of [§ 1291]."