**ASPEX EYEWEAR, INC.,**
**Plaintiff/Counterclaim**
**Defendant–Appellee,**

and

**Manhattan Design Studio, Inc. (formerly known as Ira Lerner, Inc.), Contour Optik, Inc., Chic Optic, Inc., and Asahi Optical Co., Ltd. (now known as Pentax Corporation), Plaintiffs–Appellees,**

v.

**CONCEPTS IN OPTICS, INC.,**
**Defendant/Counterclaimant–**
**Appellant,**

and

**Ronald L. Darta, Counterclaimant–**
**Appellant.**

No. 05–1543.

United States Court of Appeals,
Federal Circuit.

Oct. 19, 2005.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

## ORDER

GAJARSA, Circuit Judge.

Aspex Eyewear, Inc. moves to dismiss the appeal filed by Concepts In Optics, Inc. and Ronald L. Darata (Concepts In Optics) for lack of jurisdiction. Concepts In Optics opposes. Aspex replies.* Concepts In Optics moves to reform the caption. Concepts In Optics moves to stay the briefing schedule. Aspex opposes. Concepts In Optics replies.

Aspex sued Concepts In Optics for infringement of its patent. Concepts In Optics filed counterclaims. The district court granted partial summary judgment on the issue of infringement of Aspex's patent and on issues regarding invalidity of the patent. Other claims for relief remain pending. Determination of damages, willfulness, and injunctive relief remain pend-

ing regarding the patent that was found to be infringed. Concepts In Optics moved for the district court to enter a Fed. R.Civ.P. 54(b) judgment. The district court granted the motion. Concepts In Optics appealed the Fed.R.Civ.P. 54(b) judgment.

Aspex argues that the Rule 54(b) judgment was improper because no claim for relief has been fully decided. We agree. To enter an appealable Rule 54(b) judgment, the district court must have decided all pertinent issues regarding the claim, and not just liability. *W.L. Gore & Assocs. v. International Med. Prosthetics Research Assocs., Inc.,* 975 F.2d 858, 861–62 (Fed.Cir.1992) (there must be an ultimate disposition of a single claim for a Rule 54(b) certification to be appropriate). Although this is a case involving more than one claim for relief, not all aspects of the claim for infringement have been decided and thus that claim for relief may not be certified. *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) (ruling on liability only is not a final judgment). Additionally, because other claims for relief, and the motion for an injunction, remain pending, the case is not final except for an accounting pursuant to 28 U.S.C. § 1292(c)(2).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) The motion to revise the official caption is granted and the revised official caption is reflected above.

(3) The motion to stay the briefing schedule is moot.

(4) Each side shall bear its own costs.

---

* Concepts In Optics' motion to strike the reply is denied.