NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1215

SCHLEICHER COMMUNITY CORRECTIONS CENTER, INC.,

Appellant,

v.

Alberto R. Gonzales,
ATTORNEY GENERAL, DEPARTMENT OF JUSTICE,

Appellee.

Gilbert J. Ginsburg, Attorney and Counselor-At-Law, of Washington, DC, argued for appellant.

Russell A. Shultis, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director. Also on the brief was William Robinson, Office of the General Counsel, Bureau of Prisons, of Washington, DC.

W. Bruce Shirk, Powell Goldstein LLP, of Washington, DC, for amicus curiae.  With him on the brief was David J. Taylor, Tighe Patton Armstrong Teasdale LLP, of Washington, DC.

Appealed from:  United States Department of Transportation Board of Contract Appeals

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1215

SCHLEICHER COMMUNITY CORRECTIONS CENTER, INC.,

Appellant,

v.

Alberto R. Gonzales,
ATTORNEY GENERAL, DEPARTMENT OF JUSTICE,

Appellee.

_____

DECIDED:  January 8, 2007

_____

Before RADER, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PROST, <u>Circuit Judge</u>.

Schleicher Community Corrections Center, Inc. ("Schleicher") appeals a September 29, 2005 decision by the Department of Transportation Board of Contract Appeals ("Board") denying Schleicher's claim for interest on back wages, benefits, and taxes due under the Contract Dispute Act ("CDA"), and limiting profits awarded to Schleicher for increased wages, benefits, taxes, and other costs due to the belated incorporation of a wage determination.  Because the Board correctly limited Schleicher's

profit award and held that Schleicher could not receive CDA interest for wages, benefits, and taxes it had not actually paid, we <u>affirm</u>.

## I. BACKGROUND

On November 6, 1990, Schleicher was awarded a contract by the Federal Bureau of Prisons ("BOP") to provide residential community corrections center services for Federal offenders in the greater Salt Lake City area. At the time the contract was awarded, a wage rate determination had been requested from the Department of Labor ("DOL"), but not yet received. On April 1, 1992, the wage determination was issued by DOL, and the contracting officer then issued a contract modification to incorporate the wage determination retroactive to the beginning of the contract. Subsequently, revised wage rates were also incorporated into the contract.

During the course of performance, Schleicher submitted a number of requests for increased payments based largely on the contention that it was owed additional funds to pay for increased wages required by the Service Contract Act ("SCA"). Although BOP paid Schleicher $262,811 via price adjustments and manday increases during the performance period, Schleicher submitted a claim to the contracting officer seeking $826,797. The contracting officer denied the claim in its entirety.

Schleicher appealed the contracting officer's decision to the Board. In a decision dated June 19, 2002, the Board recognized that Schleicher's case raised some issues that were within the exclusive jurisdiction of DOL. The Board, however, went on to resolve the contractual matters that were within its jurisdiction. Because the issues relating to unresolved labor standards were reserved to DOL, the Board remanded the determination of the total amount of increased wages and fringe benefits for which

Schleicher was liable to DOL. After this determination, the amount of the award due to Schleicher's wage and fringe benefits liability would be transferred to DOL for distribution to Schleicher's former employees. With regard to interest, the Board stated Schleicher was "automatically entitled to interest in the amount prescribed by [the CDA] upon the award we will make once the DOL determines the amount of back wage liability." Schleicher Cmty. Corr. Ctr., Inc., DOTBCA No. 3067, 02-2 BCA ¶31,902 (June 19, 2002). Schleicher appealed the adverse aspects of the Board's decision, and we affirmed. Schleicher Cmty. Corr. Ctr., Inc. v. Ashcroft, 96 Fed. Appx. 718 (Fed. Cir. 2004).

Subsequently, DOL completed its determination of the wages and fringe benefits due Schleicher's employees, and the Board asked the parties to submit briefs addressing the outstanding quantum issues, including CDA interest in light of Richlin Security Services Co., DOTBCA No. 3034, 04-2 BCA ¶32,670 (2004), a subsequent opinion, since affirmed by this court, Richlin Security Services Co. v. Chertoff, 437 F.3d 1296 (Fed. Cir. 2006), in which the Board held that a contractor was not entitled to receive CDA interest on unpaid back wages or associated taxes.

Determining that the ruling in Richlin was applicable to this case, the Board revisited its earlier decision awarding Schleicher CDA interest, and held that Schleicher could not recover CDA interest since it had not advanced its own funds to pay the underlying wages, benefits, and taxes. The Board also addressed an inconsistency in its earlier opinion, in which the summary stated that Schleicher was entitled to profit upon all of the increased wages, taxes, insurance, and other costs associated with the incorporation and subsequent revisions of the wage determination, but the body of the

opinion held that only the increased wages resulting from the belated incorporation of the wage determination were subject to profit. Recognizing this inconsistency, the Board's second opinion limited Schleicher's profit on the increased wages to the first year of the contract alone, consistent with the holding in the body of its earlier opinion.

Pursuant to 41 U.S.C. § 607(g)(1)(A), Schleicher appeals the Board's decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10).

## II. DISCUSSION

### A

The standard of review in cases under the Contract Disputes Act is governed by 41 U.S.C. § 609(b). As to questions of fact, if the Board's factual findings are supported by substantial evidence, we will not alter them unless the decision "is fraudulent, arbitrary, capricious, or so grossly erroneous as to necessarily imply bad faith." Id.; see Fruin-Colnon Corp. v. United States, 912 F.2d 1426, 1428-29 (Fed. Cir. 1990). As to questions of law, however, the Board's decision is not final or conclusive. Am. Elec. Labs., Inc. v. United States, 774 F.2d 1110, 1112 (Fed. Cir. 1985). Although "we give careful consideration and great respect to a board's interpretation[,]" Fruin-Colnon, 912 F.2d at 1429, the interpretation of the CDA is a matter of law reviewed de novo by this court. Abraham v. Rockwell Int'l Corp. 326 F.3d 1242, 1249 (Fed. Cir. 2003); 41 U.S.C. § 609(b).

### B

On appeal, Schleicher challenges the Board's opinion on three grounds: (1) that the Board's original opinion was final and could not be revisited by the Board; (2) that the Board erred on the merits in denying Schleicher interest under the CDA; and (3) that

the Board erred on the merits in limiting Schleicher's profit to the first year of the contract.  We take each issue in turn.

### 1.  Finality of the Board's Original Opinion

Schleicher argues that the Board erred when it decided Schleicher could not receive CDA interest on unpaid wages, fringe benefits, and associated taxes because that issue had been finally decided in the Board's June 19, 2002 opinion.  According to Schleicher, the Board was not free to reopen the issue on its own.  Schleicher bases this argument on the fact that this court has already heard at least one appeal arising out of that opinion and went so far as to state that all that remained for the Board was "essentially a ministerial act . . . to issue its quantum order."  Schleicher Cmty. Corr. Ctr., Inc. v. Ashcroft, No. 03-1039, slip op. at 2 (Fed. Cir. Jun. 30, 2003).

We disagree.  The fact that this court reviewed other aspects of the Board's original opinion is not dispositive of the finality of an issue not appealed from that opinion.  "The classical doctrine of finality generally requires that the order below 'end[] the litigation on the merits and leave[] nothing for the court to do but execute judgment.'" Dewey Elecs. Corp. v. United States, 803 F.2d 650, 653 (Fed. Cir. 1986) (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981)).  Accordingly, in the context of reviewing a district court decision, the Supreme Court has held that the issues of damages and liability are a single claim and that both must be resolved to constitute a final decision.  Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976). We have held that this principle also applies to appeals from boards of contract appeals. Teledyne Cont'l Motors, Gen. Prods. Div. v. United States, 906 F.2d 1579, 1582 (Fed. Cir. 1990).  Indeed, in Dewey, this court held that it could review a board's denial of four

claims, while five other claims involved in the dispute awaited a quantum determination from a contracting officer. 803 F.2d at 658. The fact that the court reviewed the denial of four claims did not render the five claims on remand final as well. Id. Accordingly, since the quantum issues were still outstanding, the Board's original decision regarding Schleicher's claim for CDA interest was not final, and the Board was free to reexamine the issue in light of the intervening case law.

Moreover, even if the Board's original opinion had been final, the Board is allowed to revisit an issue it has already decided if: (1) there has been a substantial change in the evidence; (2) there is a subsequent change in the controlling law; or (3) the prior decision was clearly erroneous and would work a manifest injustice. Gould, Inc. v. United States, 67 F.3d 925, 930-31 (Fed. Cir. 1995). In the present case, the parties do not dispute that Richlin represents a subsequent change in the controlling law. Accordingly, had the Board's decision been final, the subsequent change in the law represented by Richlin would have nonetheless allowed the Board to revisit the issue.

### 2. Contract Disputes Act Interest

Schleicher argues that the Board erred by denying it interest under the CDA on the increased wages, fringe benefits, and taxes resulting from the belated incorporation and subsequent revision of the wage determination from DOL. According to Schleicher, the plain meaning of 41 U.S.C. § 611 requires the payment of interest whether or not the underlying amount was actually paid.

Schleicher's argument appears to us one that was flatly rejected in Richlin, an opinion that is binding on this panel. As explained by this court, "the contractor can

recover interest only on amounts it actually paid." Richlin, 437 F.3d at 1301-02. See also Raytheon Co. v. White, 305 F.3d 1354, 1365 (Fed. Cir. 2002).

Although, Schleicher attempts to distinguish Richlin from this case and argues that it should be limited to its particular facts, we find Richlin directly on point. In Richlin, the award of back wages did not compensate the contractor for any past, present, or future out-of-pocket expense.[1] Richlin, 437 F.3d at 1302. Schleicher attempts to distinguish Richlin based on the fact that the back wages and associated taxes were paid to the contractor's employees through an escrow mechanism, making the contractor a mere "conduit" in the court's eyes. This argument, however, is unpersuasive. As discussed above, the back wages in this case were to be transferred to DOL for distribution to Schleicher's employees. Therefore, like the contractor in Richlin, Schleicher is serving as little more than a conduit, and is not entitled to interest under the CDA. Accordingly, the Board correctly denied Schleicher's claim for interest.

### 3. Profit Claim

Schleicher also argues that the Board erred by limiting Schleicher's profit claim to monies paid for the first contract year. However, as explained above, the Board was merely clarifying an inconsistency in its original opinion. Moreover, the substance of the Board's original opinion, as well as its second opinion, properly applied the applicable Federal regulations.

---

[1]     Schleicher argues that it did pay a significant portion, approximately $250,000, of the increases wages, fringe benefits, and taxes due to the belated incorporation wage determination. However, Schleicher had already been compensated for that amount by BOP's price adjustments and manday increases during the performance period, and that amount is not the subject of this appeal. The issue of whether interest is due on that amount was not addressed below, nor briefed by the parties.

Section 52.222-43(e) of Title 48 of the Code of Federal Regulations explicitly states that a contract price adjustment due to a SCA wage determination "shall not otherwise include any amount for . . . profit." The contracting officer may, however, "equitably adjust" the contract price "retroactively" due to any changed cost resulting from Governmental error, such as belated incorporation of a wage determination, pursuant to 48 C.F.R. § 22.1015. Therefore, any profit claim due to the SCA wage determination could only be paid under § 22.1015 as a retroactive equitable adjustment. Accordingly, since the contract modification only applied to the first year of the contract, the profit claim was properly limited to that period, as well.

## III. CONCLUSION

The decision of the Board denying Schleicher's claim for interest on the back wages, fringe benefits, and taxes due to the incorporation of the wage determination and limiting Schleicher's profit award to the first year of the contract is affirmed.