9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CYRIX CORPORATION, Plaintiff-Appellee,
and
SGS-Thomson Microelectronics, Inc., Plaintiff-Appellee,
v.
INTEL CORPORATION, Defendant-Appellant,
 No. 93-1171.
 United States Court of Appeals, Federal Circuit.
 Aug. 31, 1993.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Intel Corporation moved to have its appeal dismissed on the ground that the United States District Court for the Eastern District of Texas improperly certified an order as a final judgment pursuant to Fed.R.Civ.P. 54(b). SGS-Thomson Microelectronics, Inc. (ST) and Cyrix Corporation each opposed. Now, Intel moves to withdraw its motion to dismiss. We, sua sponte, consider whether the appeal should be dismissed.
 
 
 2
 This matter arises from Cyrix's suit against Intel alleging antitrust violations and seeking a declaratory judgment that Intel's patent and reissue patents were invalid, unenforceable, and not infringed. In a second case, Intel sued Cyrix for infringement of the claims of Intel's patents. ST intervened in the first case and sought a declaratory judgment that it was the assignee of a license agreement between Intel and another party and that it could freely sell products that allegedly infringed the claims of Intel's patents. ST had sold to Cyrix some, but not all, of the products that Intel alleges infringe the claims of its patents. The district court consolidated the two cases and determined to try the licensing issue first.
 
 
 3
 After a trial, the district court entered a "declaratory judgment on the license issue." The district court stated, inter alia: that ST was the assignee of the license agreement; that the agreement was valid and binding; that ST was thus licensed to make, use and sell products covered by Intel's patents; that any disposition of a licensed product by ST "exhausted" Intel's patent rights as to that product; that the coprocessors sold by ST to Cyrix were licensed products under the agreement; and that further use or sale of the products by Cyrix was "beyond the reach of patent statutes and does not amount to an infringement by Cyrix of Intel's patents covered by the License Agreement." The district court also certified the order as final pursuant to Rule 54(b) "in favor of Cyrix and ST on the license issue." Intel states that it appealed "to preserve its rights as to a patent exhaustion 'issue' that is not germane to any 'claim' that was decided." Intel states that it would not have appealed or sought review of the district court's order if the order had only declared the license assignment to ST valid, declared that ST had acquired rights under the license, and determined that ST could make, use, or sell the products covered by Intel's patents. However, because the certified order included the "patent exhaustion" issue and was directed to Cyrix in addition to ST, Intel filed a protective notice of appeal.
 
 
 4
 Intel informs us in its latest submission that "Cyrix and Intel have settled the remaining issues in the case and have filed a stipulated dismissal of certain claims with the District Court. The only claims between Intel and Cyrix remaining in the case and that have not been dismissed are those giving rise to the pending Appeal No. 93-1171." Apparently, the claims concerning alleged infringement by Cyrix based on Cyrix's use or sale of coprocessors sold to Cyrix by ST, and Cyrix's license issue, were not settled. ST was not a party to the settlement agreement.
 
 DISCUSSION
 
 5
 Absent a final judgment properly entered pursuant to Rule 54(b), this court is without jurisdiction over this appeal. Rule 54(b) provides:
 
 
 6
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment....
 
 
 7
 Rule 54(b) is not applicable to a judgment unless there are multiple claims or multiple parties in the same proceeding. Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737 (1976); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1956).
 
 
 8
 An appellate court determines whether the judgment is a final judgment. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1979); W.L. Gore v. International Medical Prosthetics Research Associates, Inc., 975 F.2d 858 (Fed.Cir.1992) (when there was a finding of noninfringement, the judgment is final even though all defenses to the infringement claim were not adjudicated).
 
 
 9
 An appellate court may also review the district court's determination of whether there is any "just reason for delay." Curtiss-Wright, 446 U.S. at 8. This determination is reviewed only for an abuse of discretion. Gore, 975 F.2d at 862, 864 (factual overlap between claims, if any, not sufficient to conclude that the district court abused its discretion in certifying infringement claim as final for appeal purposes).
 
 
 10
 Here, the issue of finality is dispositive. The district court entered judgment for both ST and Cyrix on the patent license issue. However, this judgment did not finally and completely resolve the infringement claim made against Cyrix as to all of the products that Intel alleges infringe the claims of its patents. The district court's judgment, that there was no infringement by Cyrix with regard to sales of certain products purchased from ST, addressed only a portion of Cyrix's declaratory judgment of noninfringement and its defense to infringement. The parties do not dispute that, at the time the declaratory judgment was entered, the issue of whether Cyrix infringed by virtue of sales of products not made by ST remained to be adjudicated. Although it may be that the order finally adjudicated ST's claim for declaratory judgment, the order did not finally adjudicate Cyrix's claim and Rule 54(b) was not properly invoked by the district court.
 
 
 11
 Accordingly, we dismiss Intel's appeal. To place this matter in perspective, Intel has stated that it will appeal the district court's final judgment. Hence, a proper appeal will soon be before the court and the dismissal prejudices no party. Intel is not required to pay a second filing fee when it files its future notice of appeal.
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 (1) Intel's motion to withdraw is granted.
 
 
 14
 (2) The appeal is, sua sponte, dismissed.
 
 
 15
 (3) The revised official caption is reflected above.
 
 
 16
 (4) All sides shall bear their own costs.