7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; Plaintiff-Appellee,
George D. Edwards, et al., Intervening Plaintiffs-Appellees,
v.
UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the
PLUMBING & PIPEFITTERS INDUSTRY OF the UNITED
STATES AND CANADA, LOCAL NO. 120;
Defendant-Appellant,
Mechanical Contractors Association; Refrigeration & Air
Conditioning Contractors Association, Intervening
Defendants-Appellees.
 No. 93-3248.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1993.
 
 1
 Before: GUY and SUHRHEINRICH, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 The defendant appeals the judgment of December 22, 1992, finding the defendant in civil contempt of a consent decree and ordering relief in favor of the intervening plaintiffs. However, within ten days of that judgment, as calculated under Fed.R.Civ.P. 6(a), the intervening plaintiffs served a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). That motion sought certain individual damages for the intervenors. On February 2, 1993, the district court entered an order which set further "Stage II" proceedings and reserved a ruling on the Rule 59(e) motion until the close of those proceedings. The defendant thereafter filed its notice of appeal from the December 22 judgment.
 
 
 3
 An order to show cause why this appeal should not be dismissed as premature was entered by the clerk on March 30, 1993. The defendant responded that by ordering the supplemental proceedings, the district court had implicitly granted the Rule 59(e) motion and that the matter was therefore ripe for appeal. The defendant did not state any alternative grounds for this court's exercise of jurisdiction. The Equal Employment Opportunity Commission (EEOC) filed a memorandum supporting dismissal of the appeal. We adopted an order withdrawing the show cause order on grounds that there appeared to be sufficient grounds to appeal the December 22 judgment.
 
 
 4
 The EEOC has now moved to dismiss the appeal, and the intervening plaintiffs have joined in that motion. The defendant moves to strike the intervening plaintiffs response as untimely. We decline to do so since this court is obliged to consider its jurisdiction in every case.
 
 
 5
 The defendant continues to argue that the Rule 59(e) motion has not rendered this appeal premature. Upon reconsideration of the matter, we conclude that a final judgment has not yet been entered in this matter. Although the district court's judgment was entered under Fed.R.Civ.P. 58, the subsequent determination to conduct additional damages proceedings indicates that a final judgment has not yet been reached. Determinations as to liability when issues as to damages remain pending are generally not appealable. Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976). This case does not present grounds for departure from that rule. Further, we do not believe that independent grounds for our exercise of appellate jurisdiction have been demonstrated.
 
 
 6
 Therefore, it is ORDERED that the motion to dismiss this appeal is granted. It is further ORDERED that the motion to strike is denied.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation