26 F.3d 140
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SCHNEIDER (EUROPE) AG, and Schneider (USA), Inc., Plaintiffs-Appellees,
v.
SCIMED LIFE SYSTEMS, INC., Defendant-Appellant.
 Nos. 94-1268, 94-1283.
 United States Court of Appeals, Federal Circuit.
 May 13, 1994.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 SciMed Life Systems, Inc. moves to dismiss a portion of its appeal without prejudice to renewal after a final judgment on the amount of damages has been entered. Schneider (Europe) AG et al. oppose. The court, sua sponte, considers whether both appeals should be dismissed as premature.
 
 
 2
 Briefly, on March 8, 1994, the United States District Court for the District of Minnesota issued a "judgment" (1) finding that SciMed infringed the claims of Schneider's patents, (2) assessing damages in the amount of $45 million against SciMed for the period through June 1993, (3) directing further calculation of damages from June 1993 to March 4, 1994, and (4) issuing a permanent injunction.
 
 
 3
 SciMed appealed, seeking review of the liability determination, the damages determination, an earlier order of the district court, and the injunction. Schneider cross-appealed, seeking review of the amount of damages.
 
 
 4
 Now, SciMed states that it believes that it may only appeal from the liability finding and the injunction and not the partial damages award. In response, Schneider argues that the assessed damages award is appealable as a final judgment.
 
 
 5
 Neither party is focusing on the crucial fact that part of the damages have been calculated, but not all. Thus, the provision of 28 U.S.C. Sec. 1292(c)(2) allowing appeal of liability when a case is "final except for an accounting" is not applicable.* The parties may appeal when all of the damages are calculated and a final judgment is entered.
 
 
 6
 With regard to SciMed's appeal of the permanent injunction, papers were recently submitted that show that the district court issued an amended injunction on April 25, 1994. Thus, it appears that SciMed's appeal of the earlier injunction is moot.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The court, sua sponte, dismisses appeal nos. 94-1268 and 94-1283.
 
 
 9
 (2) SciMed's motion is moot.
 
 
 
 *
 Nor is Fed.R.Civ.P. 54(b) applicable. See Liberty Mutual Inc. v. Wetzel, 424 U.S. 737, 743 (1976) (liability determination may not be certified under Rule 54(b) as constituting a single claim for relief when damages and other remedies for the violation of the asserted legal right remain)