**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

STEVE A. HARRIS, INCORPORATED;
THE FASTEST CAR WASH, L.L.C.,
　　　　　*Plaintiffs-Appellees,*

v.

DRAKE PETROLEUM COMPANY,
INCORPORATED, formerly known as
Kenyon Oil Company, Incorporated,
　　　　　*Defendant-Appellant.*

No. 03-2271

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
William D. Quarles, Jr., District Judge.
(CA-01-2925-WDQ)

Submitted: April 29, 2004

Decided: May 11, 2004

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

## COUNSEL

Theodore P. Stein, Rockville, Maryland, for Appellant. S. Scott Morrison, KATTEN, MUCHIN, ZAVIS, ROSENMAN, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Pursuant to 28 U.S.C. § 1291, Drake Petroleum Company, Inc. appeals from the summary judgment entered in favor of Steve A. Harris, Inc. and The Fastest Car Wash, L.L.C. ("Harris"). We dismiss this appeal for lack of jurisdiction.

In its amended complaint, Harris contended that Drake Petroleum breached a contract between the parties by failing to remediate contamination on property sold to Harris by Drake Petroleum (and to obtain paperwork certifying the remediation), and it requested judgment "in the amount of not less than $300,000, plus interest, costs and attorney's fees and expenses, and for such further relief as the Court may deem just and equitable." (J.A. 22). As the case progressed in the district court, Harris filed a "Motion for Summary Judgment on Kenyon's Liability for Breach of Contract," in which it stated that it was seeking "a judgment that [Drake Petroleum] is contractually liable for the environmental remediation of the Property and all associated costs," and that it "do[es] not seek summary judgment on damages, which will remain an issue for trial." (J.A. 145). Harris appears to have consistently argued throughout the district court proceedings that it was seeking summary judgment only on the issue of liability.

The district court granted Harris' motion for summary judgment and ordered that judgment be entered in Harris' favor. The district court explained that the contract requires (among other things) Drake Petroleum to remediate the contamination. However, nowhere in the district court's memorandum opinion or order is there any grant of monetary (or injunctive) relief for Harris. The district court thus ruled on the only issue presented by Harris — *i.e.*, Drake Petroleum's liability.

"[W]hen our appellate jurisdiction is in doubt, we must *sua sponte* raise and address the matter." *Snowden v. CheckPoint Check Cashing*,

290 F.3d 631, 635 (4th Cir.), *cert. denied*, 537 U.S. 1087 (2002). Subject to certain exceptions not applicable here, our appellate jurisdiction extends only to appeals from "final decisions" of the district courts. 28 U.S.C. § 1291. "[A] decision is ordinarily considered final and appealable under § 1291 only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). A summary judgment decision that is limited to a determination of liability is not considered to be "final" until the damages or other relief has been determined. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) ("Such judgments are by their terms interlocutory . . . and where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291").

Because the district court has not yet determined the relief to which Harris is entitled as a result of the breach of contract, the summary judgment from which Drake Petroleum appeals is not final under § 1291. Accordingly, we lack jurisdiction to hear this appeal.*

*DISMISSED*

---

*We note that without discussing the issue in terms of jurisdiction, Drake Petroleum (the appellant) has argued to us the lack of finality of the summary judgment order. *See Brief of Appellant*, at 46 ("the trial court erred in entering final judgment . . . where the only relief sought was partial summary judgment establishing liability for breach of contract and there was no evidence before the court relating to damages").