11-1096-cv
Levy v. Floyd

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

Present:
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> JOHN F. KEENAN,
> > *District Judge*.[*]

_____

JANET LEVY,

> *Plaintiff-Appellee*,

BRITTMARIE HARWE,

> *Plaintiff*,

> > v.                                   No. 11-1096-cv

RONALD FLOYD,

> *Defendant-Appellant*.

_____

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellee:                    NORMAN A. PATTIS, The Pattis Law Firm, LLC,
                                           Bethany, Conn.

For Defendant-Appellant:                   JAMES N. TALLBERG, Karsten & Tallberg, LLC,
                                           West Hartford, Conn.


Appeal from the United States District Court for the District of Connecticut (Kravitz, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the appeal be **DISMISSED**.

Defendant-Appellant Ronald Floyd, a police officer employed at all relevant times by the

Town of Wethersfield, Connecticut, brings this interlocutory appeal from a February 17, 2011

Memorandum of Decision issued by United States District Court for the District of Connecticut

(Kravitz, *J.*) granting his motion for summary judgment on plaintiffs' scope and duration claim

and denying his motion for summary judgment on plaintiff-appellee Janet Levy's excessive force

claim. On appeal, Floyd argues that the district court erred when it determined that genuine

issues of material fact precluded both summary judgment with respect to Levy's excessive force

claim and a finding that Floyd is entitled to qualified immunity. Levy responds that genuine

issues of material fact, particularly those with respect to Levy's compliance with Floyd's

requests, preclude summary judgment and a finding that Floyd is entitled to qualified immunity.

We assume the parties' familiarity with the underlying facts, the procedural history, and the

issues presented for review.

"Orders denying summary judgment are generally not immediately appealable 'final

decisions' under 28 U.S.C. § 1291." *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010).

Under the collateral order doctrine, however, we have jurisdiction over interlocutory appeals of

orders denying claims of qualified immunity "only to the narrow extent they turn on questions of

2

law." *Id.* Thus, "a defendant who invokes a qualified immunity defense may not appeal a district court's denial of summary judgment insofar as the court's order determines that the record presents a 'genuine' issue of fact for trial." *Lennon v. Miller*, 66 F.3d 416, 422 (2d Cir. 1995) (internal quotation marks omitted); *see also Johnson v. Jones*, 515 U.S. 304, 319-20 (1995) ("[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."); *Morin v. Tormey*, 626 F.3d 40, 43 (2d Cir. 2010) ("Had the District Court denied the Defendants' motion for summary judgment solely on the ground that their defense of qualified immunity turned on disputed issues of fact, we would have to dismiss the appeal . . . .").

Though neither party contests our appellate jurisdiction, we are obliged to consider the issue *sua sponte*. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) ("Were it in truth a contention that the District Court lacked jurisdiction, we would be obliged to consider it, even as we are obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction."); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976) ("Though neither party has questioned the jurisdiction of the Court of Appeals to entertain the appeal, we are obligated to do so on our own motion if a question thereto exists."). In this case, the district court denied Floyd's motion for summary judgment on the ground that his defense of qualified immunity turned on disputed issues of fact. Specifically, the district court explained that "[t]he most significant dispute that this Court is unable to resolve without the aid of a jury is whether Ms. Levy was compliant when Officer Floyd decided to use force against her." *Harwe v. Floyd*, No. 3:09cv1027 (MRK), 2011 U.S. Dist. LEXIS 25987, at *48 (D. Conn. Feb. 17, 2011). The district court also found that "there is a genuine dispute of material fact as to

3

whether it was Officer Floyd's conduct, or Ms. Levy's own conduct, that resulted in Ms. Levy's bumping her head against the police cruiser." *Id.* at *49. The district court's denial of qualified immunity therefore does not turn on an issue of law, and we lack interlocutory jurisdiction under 28 U.S.C. § 1291.

We have considered Floyd's remaining arguments and find them to be without merit. Accordingly, we hereby **DISMISS** the appeal for want of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK