NOT FOR FULL-TEXT PUBLICATION
File Name: 13a0358n.06

No. 13-5318

**FILED**
*Apr 10, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL TIMMONS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BILL OLDHAM; SHELBY COUNTY; | ) | COURT FOR THE WESTERN |
| SERGEANT C. ALLEN, Officer; OFFICER J. | ) | DISTRICT OF TENNESSEE |
| PORTER; OFFICER D. MAY; CCS | ) | |
| SERVICES; JOHN AND JANE DOES, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. This matter is before the court upon initial consideration to determine whether this appeal was taken from an appealable order.

The documents before the court indicate that Michael Timmons filed a civil rights complaint against Shelby County, Tennessee, and several of its police officers. During the course of the litigation, Timmons filed a motion to request the issuance of a subpoena. On January 17, 2013, the magistrate judge denied the motion without prejudice for Timmons's failure to consult with opposing counsel before filing the motion, pursuant to Local Rule 7.2(a). Thereafter, Timmons filed another motion to request the issuance of a subpoena, which the magistrate judge construed as a renewal of his previous motion, and a motion to alter or amend the January 17, 2013, order. On

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

February 21, 2013, the magistrate judge denied Timmons's renewed motion for the issuance of a subpoena without prejudice because he still failed to adhere to the local rules before filing the motion. The magistrate judge determined that the motion to alter or amend was premature because Timmons's subpoena motion had been denied without prejudice. On March 5, 2013, Timmons filed a notice of appeal from the February 21, 2013, order.

The February 21, 2013, order did not dispose of all of the claims or parties involved in this action and did not direct entry of a final appealable judgment under Federal Rule of Civil Procedure 54(b). *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–45 (1976); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 59–60 (6th Cir. 1986). Nor was the February 21, 2013, order an immediately appealable "collateral order" under the doctrine announced in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Finally, the district court has not entered its final decision during the pendency of this appeal. Therefore, appellate jurisdiction cannot be invoked over this interlocutory appeal from the district court's partial decision. *See Gillis v. U.S. Dep't of Health & Human Servs.*, 759 F.2d 565, 569 (6th Cir. 1985).

It is ordered that the appeal is dismissed.