**Joseph CONSONERY, Jr.**

v.

**Warden Joseph W. PELZER; Senior Captain Edward Strawn; Captain Michael King; Officer Chris Cain; Officer John Stapleton; District Attorney Steven M. Toprani; John Teamus, Deputy Warden; Nurse Esther; Washington County, Appellants.**

No. 13–1738.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 10, 2013.

Filed: March 7, 2014.

---

Lawrence H. Fisher, Esq., Kevin W. Tucker, Esq., Cohen & Willwerth, Pittsburgh, PA, for Joseph Consonery, Jr.

Edmond R. Joyal, Jr., Esq., Nadia V. Lazo, Esq., Law Office of Joseph S. Weimer, Pittsburgh, PA, for Appellants.

Before: McKEE, Chief Judge, FUENTES, and CHAGARES, Circuit Judges.

## OPINION

CHAGARES, Circuit Judge.

Seven defendants appeal from the District Court's partial denial of their motion for summary judgment. For the reasons that follow, we will affirm the District Court's decision in part and dismiss the remainder of the appeal for lack of jurisdiction.

### I.

We write primarily for the benefit of the parties, and therefore confine our discussion to the facts that are necessary to our disposition. On February 6, 2009, plaintiff Joseph Consonery was incarcerated at the Washington County Correctional Facility ("WCCF"). Upon his arrival, Consonery informed a WCCF nurse that he had an infected tooth and needed to see a dentist. Shortly thereafter, Consonery's tooth "snapped," causing severe pain and bleeding. Consonery complained orally and in writing to the defendants. Medical and

dental professionals at WCCF examined Consonery and determined that he should be evaluated for extraction of the tooth by an outside oral surgeon. WCCF officials informed Consonery that he would have to make arrangements for further treatment through a furlough.[1]

Although Consonery made attempts to schedule an appointment with an outside oral surgeon through a furlough, he was unsuccessful. Meanwhile, the defendants refused to provide Consonery treatment at WCCF, and, with the exception of a single course of antibiotics, his tooth remained untreated. On June 5, 2009, Consonery was placed into the custody of the Pennsylvania Department of Corrections. On June 11, 2009, he was transferred to the State Correctional Institute at Camp Hill, where he received the required dental treatment.

Consonery brought this action in the District Court, pursuant to 42 U.S.C. § 1983, against Washington County and seven WCCF officials, alleging that the defendants acted with deliberate indifference to his serious medical condition in violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. The defendants then filed a motion for summary judgment, arguing, *inter alia*, that the individual WCCF officials were entitled to qualified immunity. The District Court granted summary judgment with regard to Consonery's claims for punitive damages as to

Washington County, all of his claims as to defendant District Attorney Steven M. Toprani, and his retaliation claim as to all of the defendants. The Court denied the defendants' motion for summary judgment in all other respects, because it concluded that there remain genuine issues of material fact to be resolved by a jury.

Defendants Warden Joseph W. Pelzer, Senior Captain Edward Strawn, Captain Michael King, Officer Chris Cain, Officer John Stapleton, Deputy Warden John Teamus, Nurse Jane Esther, and Washington County now appeal all claims for which the District Court denied summary judgment.

## II.

This appeal comes to us before the District Court has entered a final judgment in the case, so we will begin with the issue of appellate jurisdiction. As a general rule, we only have jurisdiction over "final decisions" of the district courts. *See* 28 U.S.C. § 1291. "[I]nterlocutory appeals—appeals before the end of district court proceedings—are the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Rulings denying summary judgment are "by their terms interlocutory" and not appealable under § 1291. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *see also Ziccardi v. City of Phila.*, 288 F.3d 57, 61 (3d Cir. 2002) (noting that we do not have jurisdic-

---

1. Pennsylvania law provides for furloughs, which result in a temporary release from custody, as follows:

   (a) Generally.—Notwithstanding any provision of law, if any offender has been sentenced to undergo imprisonment in a county jail for a term of less than five years, the court, at the time of sentence or at any time thereafter upon application made in accordance with this section, may enter an order making the offender eligible to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attending an educational institution, securing medical treatment or for other lawful purposes as the court shall consider necessary and appropriate.

   42 Pa.C.S. § 9813(a).

tion to hear "an appeal from an order denying a motion for summary judgment if the issue raised is whether or not the evidence in the pretrial record [is] sufficient to show a genuine issue of fact for trial" (quotation marks omitted)).[2] Thus, to the extent that the defendants in the present case ask us to review whether the evidence in the pretrial record is sufficient to show genuine issues of fact for trial, we do not have jurisdiction over their appeal.

An exception to the general rule applies for certain denials of qualified immunity. *See Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). This exception arises under the collateral order doctrine, which provides that certain "collateral orders," entered before a case has ended, amount to "final decisions" that are immediately appealable under § 1291. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Such orders fall within the "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* Qualified immunity shields officials from suit if their conduct "d[id] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A district court's denial of qualified immunity may constitute a collateral order, because immunity "is effectively lost if a case is erroneously permitted to go to trial," and the district court's determination is "effectively unre-

viewable on appeal from a final judgment." *Mitchell,* 472 U.S. at 526, 105 S.Ct. 2806.

We have held that "denial of qualified immunity falls within the collateral-order doctrine only to the extent the denial turns on an issue of law." *In re Montgomery Cnty.,* 215 F.3d 367, 373 (3d Cir.2000); *see also Doe v. Groody,* 361 F.3d 232, 237 (3d Cir.2004). Generally, the relevant issue of law is whether the right that the defendant is alleged to have violated was "clearly established" at the time the defendant acted. *See Behrens v. Pelletier,* 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Where the denial turns on the sufficiency of the evidence, it may not be appealed until the district court enters final judgment in the case. *See Johnson,* 515 U.S. at 313, 115 S.Ct. 2151.

In denying the defendants' assertion of qualified immunity, the District Court correctly applied a twofold inquiry, asking whether: (1) "the facts alleged, taken in the light most favorable to the plaintiff, show the officer's conduct violated a constitutional right"; and (2) "whether the right was clearly established." *Consonery v. Pelzer,* 2013 WL 593982, at *7 (W.D.Pa. Feb. 15, 2013). With regard to the first prong, the District Court held that, "the record ... raises a genuine issue of material fact as to whether each Defendant was aware of Plaintiff's need for treatment for a condition causing severe chronic pain and yet stood idly by." *Id.* We do not have jurisdiction to consider this holding, because it turns on issues of fact. Considering the second prong, the District Court found that "the law with regard to a constitutional obligation to provide care to inmates suffering unnecessary pain from a serious medical need has been clear since at least 1976, when the United States Su-

**2.** Summary judgment must be denied when a district court determines that a "genuine dispute as to [a] material fact" precludes immediate entry of judgment as a matter of law. Fed.R.Civ.P. 56(a).

preme Court decided *Estelle v. Gamble*, 429 U.S. [97] 104 [97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ]." *Id.* This finding constitutes the only legal issue decided by the District Court, and therefore it is the only issue raised in this appeal that we can consider.

Accordingly, we will consider whether "the legal norms allegedly violated by the defendant[s] were clearly established at the time of the challenged actions," *Mitchell,* 472 U.S. at 527–28, 105 S.Ct. 2806, and dismiss the remainder of this appeal for lack of jurisdiction.

### III.

■ To be clearly established, "[t]he contours of the [constitutional] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). As we have explained repeatedly, the Supreme Court, in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), set forth the framework for analyzing claims of deliberate indifference to serious medical needs.[3] *See, e.g., Atkinson v. Taylor,* 316 F.3d 257, 266 (3d Cir.2003); *Reynolds v. Wagner,* 128 F.3d 166, 172 (3d Cir.1997); *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir. 1987). This standard was clearly established in 2009, when Consonery was incarcerated at WCCF. Indeed, the defendants even note in their brief to this Court that *Estelle* sets forth the applicable standard for Consonery's claims. *See* Defendants' Br. 10. Hence, the District Court did not err in finding that *Estelle* was clearly established law when Consonery was incar-

cerated at WCCF, and we will affirm the Court's legal conclusion.

### IV.

For the foregoing reasons, we will affirm the judgment of the District Court in part and dismiss the remainder of the appeal for lack of jurisdiction.

---

**3.** In *Estelle,* the Supreme Court held that, in order to state a cognizable claim for cruel and unusual punishment based on the denial of medical care, "a prisoner must allege acts or

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." 429 U.S. at 106, 97 S.Ct. 285.