FILED
United States Court of Appeals
Tenth Circuit

May 27, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CCPS TRANSPORTATION, LLC;
ENBRIDGE PIPELINES (FSP), LLC,

        Plaintiffs Counter Defendants -
Appellees,

v.

BYRON SLOAN; TERRY SLOAN,

        Defendants Counterclaimants -
Appellants.

No. 14-3200
(D.C. No. 2:12-CV-02602-CM)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **MURPHY**, and **GORSUCH**, Circuit Judges.

Normally, we wait for a district court to resolve all the claims presented in

a case before entertaining any appeal. *See* 28 U.S.C. § 1291; *Moya v.*

*Schollenbarger*, 465 F.3d 444, 450-51 (10th Cir. 2006). Federal Rule of Civil

Procedure 54(b) provides an exception to this rule, permitting the district court to

certify for appeal that it has resolved one claim among many and that the claim in

question deserves immediate appellate attention. In this case, the district court

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

entered a Rule 54(b) order certifying that it had resolved the plaintiffs' request for a declaration of rights under a contested easement, that other matters remained outstanding, and that an immediate appeal of the resolved question would be helpful. But it turns out this certification was in error for a couple of reasons.

In the first place, no other cause of action remained in the district court: at the time of the certification all the district court had before it was a single claim. Rule 54(b) is designed to certify single claims in multiple claim cases, not single claims in single claim cases. *See, e.g.*, *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742-43 (1976); *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). Of course, when this problem arises it can sometimes be overlooked: if the only claim in the case is finally resolved in the district court an appellate court will have authority to hear the appeal under § 1291, Rule 54(b) certification or not.

Unfortunately, this isn't one of those cases. It isn't because the district court turns out to have certified for appeal only *part* of the single claim before it. The court ruled on the plaintiffs' request for a declaration of rights under a contested easement and certified that question for appeal. But it didn't rule on the plaintiffs' request for other remedies (an injunction and damages) arising from the same alleged easement violation. True, the plaintiffs' complaint denominated the three separate remedial requests (declaratory relief, an injunction, and damages) as separate "claims" and — following the parties' lead — the district

court thought it had finally resolved one of three independent claims when it ruled on the question of declaratory relief. But however they are pleaded, different remedial requests do not make for different claims. As it turns out, then, two-thirds of the plaintiffs' single claim remains alive in district court, not finally resolved and ready for appeal. *See, e.g.*, *Liberty Mut. Ins. Co.*, 424 U.S. at 744 (explaining that "where assessment of damages or awarding of other relief remains to be resolved," judgments "have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291").

Still, even this isn't quite the end of the story. It isn't because, as the plaintiffs note, they have recently chosen to dismiss their remaining remedial requests for injunctive relief and damages "without prejudice." But even this doesn't solve our problem. It doesn't because dismissing something without prejudice usually means you may seek to revive it any time. And that's usually insufficient to generate the sort of final judgment § 1291 requires. After all, allowing parties to split their claim like this, with some portion subject to revival in district court and another portion proceeding in the appellate court, risks different judgments on the same claim and years of needless litigation to unscramble the mess. *See, e.g.*, *Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006).

Following the path this court has already hewn for problems like this one, we hold that the Rule 54(b) certification was improper, note that the claim

certified is not finally resolved, and dismiss this appeal. *See, e.g.*, *Bruner*, 259

F.3d at 1243-44 & n.5.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge