NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VROOM, INC., VROOM AUTOMOTIVE, LLC, dba Vroom, dba Texas Direct Auto, CARSTORY, LLC, VAST.COM, INC., dba CarStory,**
*Plaintiffs-Appellees*

**v.**

**SIDEKICK TECHNOLOGY, LLC,**
*Defendant-Appellant*

---

2023-1362

---

Appeal from the United States District Court for the District of New Jersey in No. 2:21-cv-06737-WJM-JSA, Senior Judge William J. Martini.

---

**ON MOTION**

---

Before LOURIE, PROST, and WALLACH, *Circuit Judges*.

WALLACH, *Circuit Judge*.

**O R D E R**

Vroom, Inc. et al. (collectively, "Vroom") move to dismiss this appeal for lack of jurisdiction. Sidekick

Technology, LLC opposes the motion. For the following reasons, we dismiss the appeal as premature.

Vroom filed a complaint at the district court seeking: (1) a declaration of non-infringement as to 12 of Sidekick's patents; (2) a declaration that Vroom is "free and clear to make, use, offer for sale and sell the functionalities available at their websites and/or any corresponding mobile device application despite any rights [Sidekick] purports to own," ECF No. 5 at 90; and (3) an injunction against Sidekick "from representing to anyone that [Vroom is] infringing on any rights [Sidekick] purports to own," *id*.* Sidekick counterclaimed for patent infringement. Vroom answered the counterclaim with affirmative defenses, including that the patent claims are invalid under 35 U.S.C. § 101. Vroom then moved for judgment on the pleadings based on its § 101 argument. On June 28, 2022, the district court granted that motion and dismissed Sidekick's counterclaims with prejudice. Sidekick moved for reconsideration, which the district court denied on October 18, 2022.

On January 4, 2023, Sidekick contacted the district court to inquire about the status of the case, and the district court entered a docket entry stating "Civil Case Terminated" backdated to June 28, 2022. Sidekick filed a notice of appeal and moved the district court for entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure or for certification under 28 U.S.C. § 1292(b). On March 21, 2023, the district court denied the motion, noting that the court dismissed Sidekick's

---

* Vroom also sought a finding that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs. The fact that the district court has not yet acted on that request, however, would not preclude jurisdiction over an otherwise appealable judgment. *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1303–04 (Fed. Cir. 2019).

counterclaims "as an invalid patent [claim] cannot be infringed" and that it "appear[s] that the Court . . . already entered final judgment on the merits." ECF No. 11 at 5.

This court's jurisdiction generally extends only to a "final decision of a district court," 28 U.S.C. § 1295(a)(1), *i.e.*, one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *Catlin v. United States*, 324 U.S. 229, 233 (1945). Here, while the district court is correct that its order granting Vroom's motion for judgment on the pleadings necessarily resolved Vroom's claims for declaratory judgment of non-infringement, *see TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) ("[A] judgment of invalidity necessarily moots the issue of infringement."), at least Vroom's request for injunctive relief remains pending, rendering this appeal premature. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744–45 (1976); *Henrietta D. v. Giuliani*, 246 F.3d 176, 180 (2d Cir. 2001) (noting that a declaration does not have the effect of a final judgment "when other remedial issues remain unresolved").

We therefore grant the motion to dismiss and expect the parties and the district court to promptly resolve the outstanding request for relief.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted to the extent that the appeal is dismissed for lack of jurisdiction, subject to reinstatement under the same docket number without the payment of an additional filing fee if, within 60 days of the date of filing of this order, Sidekick appeals from a final judgment entered on the entire case or a judgment entered under Rule 54(b) of the Federal Rules of Civil Procedure.

4                          VROOM, INC. v. SIDEKICK TECHNOLOGY, LLC

(2)  Each side shall bear its own costs.

FOR THE COURT

April 11, 2023                          /s/ Peter R. Marksteiner
      Date                              Peter R. Marksteiner
                                        Clerk of Court